FOR THE

### COUNTY OF WASHINGTON.

APRIL TERM, 1850.

———

PRESENT,

Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG,  } ASSISTANT JUDGES.
Hon. LUKE P. POLAND.

———

JACKSON T. HARWOOD *v.* ESTATE OF EDMUND HARWOOD.

Parol evidence is admissible, to show that the sum, expressed in a deed to be the consideration for the conveyance, and which was received by the grantor, was in fact received by him as the consideration for the conveyance and also as payment of a debt then due to him from the grantee.

BOOK ACCOUNT. Judgment to account was rendered, and auditors were appointed, who reported the facts as follows.

The plaintiff's account was for labor from April, 1840, to February, 1844. In the winter or spring of 1840 the plaintiff talked of

going west, and his father Edmund Harwood, the deceased, wished him to remain at home and assist him in carrying on the farm, and offered the plaintiff such inducements, that he relinquished his purpose of going west and entered into the service of his father. It did not appear, that there was any stipulated sum agreed upon for his labor, but it appeared, that he remained with his father, laboring, until February, 1844, except an absence of about two months, when his father executed a deed of his farm to the plaintiff and his two sisters. The transfer of the property did not change the mode of operations upon the farm, but all remained in possession, as before the conveyance. The plaintiff continued there until the autumn of 1847, when he released to his father his interest in the property, and received $500,00,—the consideration mentioned in the deed. The defendant offered to prove, that the said sum of $500,00 was to be a full satisfaction of all claims, which the plaintiff had against his father; to which the plaintiff objected, but the objection was overruled and the testimony received.

The county court,—REDFIELD, J., presiding,—rendered judgment for the defendant upon the report. Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

The contract between the parties was reduced to writing. The plaintiff released his interest in the farm and received $500,00, and it would be adding to the written contract to hold, that the same $500, for which he gave his deed, was also received in satisfaction of all other claims, not mentioned in the deed. *Ripley* v. *Paige,* 12 Vt. 353. *Isaacs* v. *Elkins,* 11 Vt. 679.

*Heaton & Reed* for defendant.

1. From the report of the auditors it is evident, that they found the fact, that the settlement and discharge of the plaintiff's claim against the deceased and the plaintiff's conveyance of the real estate was the contract and the consideration on the one side, and the payment of the $500,00 the contract and consideration on the other; and of these mutual contracts there has been a performance. A plea of accord and satisfaction to this claim of the plaintiff would have been fully supported by this proof. 2 Greenl. Ev. 22.

2. The recital in a deed of the consideration, and the acknowl-

edgment of its receipt, is no estoppel, when the deed itself is not sought to be affected. For every other purpose this recital is merely formal, at best but *prima facie* evidence, and may be varied, or contradicted, by parol. It is regarded in the same degree inconclusive with any other receipt, and *evidence*, only, that can be overcome, or explained, by other *evidence*. *McCrea* v. *Purmort*, 16 Wend. 460. *Wolfe* v. *Hauver*, 1 Gill 84. *Belden* v. *Seymour*, 8 Conn. 304. *Jack* v. *Dougherty*, 3 Watts 151. *Wilkinson* v. *Scott*, 17 Mass. 249. *Webb* v. *Peele*, 7 Pick. 247. *Bullard* v. *Briggs*, Ib. 533. *Morse* v. *Shattuck*, 4 N. H. 229. *Pritchard* v. *Brown*, Ib. 397. 2 Cow. & H. Notes to Phil. Ev., n. 194. 3 Ib., n. 964. The same doctrines have been adopted in our own state. *Beach* v. *Packard*, 10 Vt. 96. *Lazell* v. *Lazell*, 12 Vt. 443.

The opinion of the court was delivered by

KELLOGG, J. This was a report of auditors, upon which the county court rendered judgment for the defendant. At the hearing before the auditors certain testimony was admitted, which the plaintiff claims should have been excluded, and for this cause he insists, the report should have been set aside. This objection is founded on the supposition, that the tendency of the testimony was to vary, or contradict, the terms of a deed executed by the plaintiff to E. Harwood, the deceased, in his life time. The plaintiff had labored for the deceased, who was his father, for several years, when his father executed to him a deed of certain real estate. Subsequently an arrangement was made between the plaintiff and his father, by which the plaintiff re-conveyed to his father the same real estate, upon the payment of five hundred dollars. And the testimony objected to proved, that the five hundred dollars, by the agreement of the parties, was to be in full of all claims, which the plaintiff had against his father.

The plaintiff relies upon the case of *Ripley* v. *Paige*, 12 Vt. 353, as an authority to show the inadmissibility of the testimony objected to. The question in that case arose upon the construction of a written agreement for the conveyance of a farm. The contract particularly described the estate, that was to be conveyed, and the price that was to be paid for it. The farm was conveyed, pursuant to the contract. But the defendant insisted, that the plaintiff was

to convey other property besides the farm, and which was not specified in the contract, and offered parol testimony to prove it,—which was properly excluded by the court, as it tended to enlarge and vary the written contract. The case is not analogous to the one before the court. The testimony received by the auditors had no tendency to vary, or impair, the legal effect of the terms of the deed.

That the parties are not concluded by the consideration expressed in the deed has long been settled. If no consideration be expressed, the grantee may prove a consideration *aliunde,* and by parol, so as to uphold the deed. So, if a consideration be expressed in the deed and acknowledged to have been received to the satisfaction of the grantor, yet the grantor is not estopped from showing, that no consideration was in fact paid. *Sheppard* v. *Little,* 14 Johns. 210. So, in an action upon the covenant of seisin in a deed, the grantee may show, by extrinsic evidence, the payment of a greater consideration than that expressed in the deed. 8 Conn. 304. 4 N. H. 229. So, it has been held, that a consideration may be averred and shown, which is *consistent* with the consideration expressed in the deed. And Mr. Phillips, in his treatise upon evidence, says, " that the cases appear to have established, that it is not considered to be contrary to or inconsistent with a deed, to prove another consideration in addition to the consideration expressed."

Indeed, it seems to be well settled, " that the only effect of a consideration clause in a deed is to estop the grantor from alleging, that the deed was executed without consideration; and that for every other purpose it is open to explanation, and may be varied by *parol proof.*" 16 Wend. 460. The same doctrine is held in *Beach* v. *Packard,* 10 Vt. 96, and *Lazell* v. *Lazell,* 12 Vt. 443.

The testimony was properly received by the auditors, and the judgment of the county court is therefore affirmed.