LUCY ANN WINN *v.* HARRY CHAMBERLIN.

*Contract.    Receipt.    Evidence.*

Where it is satisfactorily shown that, for any reason, the parties to a contract did not intend to reduce the whole of it to writing, and the portion omitted is not inconsistent with the written portion, the part omitted may be proved by parol evidence.

The fact that one has executed to another a receipt, not under seal, for a sum of money, and has added in the receipt that in consideration of such pay

ment he discharges the other from a certain claim, does not prevent the latter from showing by parol evidence that the same payment was made in consideration of the discharge of another claim, as well as of that specified in writing.

COMPLAINT FOR BASTARDY.   Plea not guilty, with notice that the defendant would rely on a settlement and discharge from the plaintiff.   The cause was tried by the court at the December Term, 1858,—POLAND, J., presiding.

The defendant admitted that he was the father of the plaintiff's bastard child, but he offered in evidence the following receipt:

"DANVILLE, January 26th, 1858.

Received of Harry Chamberlin the sum of fifteen hundred dollars, and in consideration thereby I hereby release and discharge the said Chamberlin from all contracts of marriage with myself, and from all claims for damages for any and all breaches of promise of marriage on his part.

(Signed)          LUCY ANN WINN."

The defendant also offered to prove by parol evidence that while the plaintiff was pregnant with the child in question, she claimed that he was the father thereof, and also demanded damages of him for a breach of a promise to marry her; that the parties negotiated a settlement by which the defendant agreed to pay the plaintiff fifteen hundred dollars to settle both the claim for damages for the breach of promise, and also that for the support of the child, and that the defendant procured a discharge to be written discharging him from both claims, and presented it to the plaintiff for execution; that the plaintiff was advised that she could not legally discharge the claim for the support of the child, because the town might wish to institute a prosecution, and that therefore she refused to sign the discharge; that the plaintiff's friends thereupon procured the discharge to be written and executed by the plaintiff which is above recited, that thereupon the defendant paid the plaintiff fifteen hundred dollars, and that at the same time the plaintiff verbally agreed that such payment should be in full satisfaction of any claim on her part and for her benefit for the support of the child, as well as for the breach of promise.   It was conceded by the plaintiff that this complaint was instituted by the plaintiff and solely for her benefit.

The plaintiff objected to the admission of the parol evidence offered by the defendant, and the county court excluded the same, to which the defendant excepted.

*Bliss N. Davis*, for the defendant.

*T. Bartlett*, for the plaintiff.

REDFIELD, Ch. J.   The only question in the present case is, whether the testimony, offered to show that the present cause of action was compromised and settled, should have been received. The testimony was rejected on the ground that it was not compatible with the writing executed between the parties at the time of the settlement.   It is not claimed that it tended to contradict the writing, but that it made an important addition to it, and that the writing must be presumed to contain the whole contract at that time made between the parties.   That is undoubtedly the general presumption in such cases.   But there are some well established exceptions to this rule.   And where it is satisfactorily shown that for any reason the parties did not intend to reduce the whole contract to writing, and the portion omitted is consistent with the writing, it may be received.

Thus when the same consideration is received in payment of the price of real and personal estate, the deed of the real estate does not exclude proof of the purchase of personal estate, at the same time and upon the same consideration.   This goes upon the ground that the conveyance of real estate is required to be in writing, and by deed executed with the prescribed formalities of the statute, and that consequently no presumption arises from the deed, that no personal property was included in the same contract.   Some of the cases do not adopt this view, but the majority of the cases upon this subject do so hold.

And a written memorandum of a transaction will never exclude proof of stipulations not included in the writing, where both parties agree that the writing shall not contain the whole contract, unless the additional matters are inconsistent with the writing.

The writing, as far as it goes, is always conclusive between the parties, and is presumed to contain the whole contract made at the time, and if anything is omitted by mistake of either or

both the parties, it cannot be shown. The only remedy in such case is to reform the contract in a court of equity.

But it may always be shown that the writing was obtained by fraud, or that it was not executed or delivered, or that it was not correctly read to one of the parties through the fraud of the other, or not understood by him, being in a foreign language, or that it was not intended by either of the parties to contain the whole contract. In this view the testimony rejected should have been received. The case of *Morany* v. *Buford*, 1 McLean 195, where after the compromise of a suit by agreement under seal, it was held an action will lie on a parol agreement of one party to pay the cost, is in point.

But in another view of the case the testimony is clearly receivable as it seems to us. This writing is nothing more than evidence of the settlement of the claim for breach of promise of marriage. It is nothing but a receipt for money, showing the claims and the terms upon which it was received. And in all such cases it is abundantly settled that the receipt is merely evidence, and although it is evidence of a more conclusive character than most other evidence, being in writing, it is nevertheless not conclusive and may be encountered by oral proof of mistake, accident, or fraud.

The difference between a receipt and a contract, is not in the form of the beginning so much as in the substance of the writing. A deed of land may begin with the words, "Received of A. B.," and a mere receipt for money may begin, "Know all men by these presents," and still be nothing but an admission of having received money in satisfaction of, or in part satisfaction of, a pre-existing debt. And if this be its only character, it is explainable and liable to contradiction by other proof resting merely in *viva voce* testimony.

To constitute a contract it must contain something more than the admission of the party to the existence of a previous fact or facts. It must either be itself a conveyance of some right, positive or negative, or else must stipulate for the doing or omission of some act on the part of the maker.

Although this writing assumes the form of a release or discharge in its language, it is not under seal and cannot operate by

22

force of the contract merely. It is only the payment of the money which gives it any operation, and that is the act of the defendant, and precedes the execution of the writing. It is then in effect nothing more than the acknowledgement or admission of the fact of payment, and that it was paid in full of the claim specified.

It seems to us, therefore, that the terms used in this writing " In consideration thereof I hereby release and discharge," etc., do not alter its legal character and render it a contract instead of a receipt for money. The writing has no greater legal effect in consequence of that stipulation. It is the receipt of the money in satisfaction of the claim which operates to extinguish the claim. The writing itself has no force as a contract of release. It is only as evidence of the fact of receiving the money in satisfaction of the claim that the writing is of any force whatever. And in that view it is not conclusive. It may be shown that no money was in fact received, or a less sum, or that it was not received in full satisfaction, or only upon condition. These propositions are all abundantly shown by the decided cases. The rule has been repeatedly recognized in this State ; *Larned* v. *Bellows*, 8 Vt. 79.

It would be wonderful then, we think, if the defendant could not add to the contract expressed in this writing by proving another distinct stipulation and just what was agreed by both parties to be left out of it, and still to be binding, and this on the ground of the legal presumption that a contemporaneous writing upon the subject includes all the contract made by the parties at that time.

If this cannot be done in the mode proposed, it seems to us the party is altogether remediless. For it cannot be claimed that a court of equity could afford relief here on the ground that there was a mistake or fraud in the writing. For there is no ground to allege either. The contract is just as both parties expected, and a court of equity could scarcely afford relief, unless they established the contract in a form different from the agreement of the parties, or else admitted that portion of contract left in parol, which is no more admissible in equity than at law, the rule as to explaining writings by parol being the same in both courts.

We think this case is controlled by the principle established in the case of *Giddings* v. *Munroe*, 4 Vt. 308, and in *Fuller* v. *Crittenden*, 9 Conn. 401, and in *White* v. *Miller*, 22 Vt. 380, and the cases there cited. And the case of *Harwood* v. *Harwood's Estate*, 22 Vt. 507, is this very case, as far as one case can ever be identical with another.

The case of *McGregor* v. *Bugbee*, 15 Vt. 734, is the case of a receipt containing a distinct and extended contract, embracing a great variety of terms and conditions, many of which were still executory. In a case of that character the written contract is none the less conclusive, as we have already intimated, because it begins in the form of a receipt. It is a contract, and not a receipt merely. The case cited from 11 Eng. C. Law Reports, is one involving questions under the statute of frauds, and is not analogous, in any important particulars, to the present, as it seems to us.

Judgment reversed and cause remanded.