HARVEY GROOT v. HAMPTON L. STORY.

*Parol Evidence.    Contract.*

The action was assumpsit to recover $295. In support of the claim, the plaintiff introduced the following instrument: "Due Mr. Harvey Groot two hundred and ninety-five dollars, in part payment for a piano. Said piano to be selected by Mr. Groot." *Held*, that the paper constituted a written contract; that it was susceptible of a definite, legal construction without extrinsic aid; and that parol evidence was not admissible to explain, enlarge, or vary it. REDFIELD, J., dissenting.

ASSUMPSIT on the common counts, under which the plaintiff, at a former term, filed the following specification :

1864.

May 28, To cash, two hundred and ninety-five dollars.   $295.
        To interest on same to Sept. 10, 1866,            40.41
                                                        _____
                                                        $335.41

Plea, the general issue and trial by jury, September term 1870, PIERPOINT, Ch. J., presiding. Neither party made any preliminary statement of his claim, or what he expected to prove, to the court or jury.

The plaintiff, without stating what he claimed the same to be, offered, in evidence, the following paper, which was admitted, by the defendant, to have been written and signed by him :

"Due Mr. Harvey Groot two hundred and ninety-five dollars, in part payment for a piano, said piano to be selected by Mr. Groot.

BURLINGTON, May 28, 1864.                    H. L. STORY."

2 cents U. S. Internal Revenue stamps affixed.

The plaintiff called, as a witness, one Ernst, whose testimony tended to show that this paper was signed by the defendant, and was in the fall of 1864, without the knowledge of the defendant, assigned by Groot to F. C. Lighte & Co., piano dealers of New York city, of which firm Ernst was a member, as equivalent to $295 in cash, in part payment for a piano costing $600, sold by them, at that time, to Groot; and that this action was prosecuted, in Groot's name, by and for the benefit of Lighte & Co.; that the paper was shortly afterwards presented to the defendant by Lighte & Co., in New York, and payment of the amount therein specified demanded of him in money; that the defendant refused to pay the amount named in the paper, but claimed a large discount therein by way of commission; that afterwards Lighte & Co. sent the paper to L. L. Lawrence, an attorney at Burlington, where the defendant resided, with directions to collect the same of the defendant; that in connection with these directions, they gave him, by letter, the following authority: " We are willing to abide by your choice of a piano, worth, honestly, as near $300 as possible—say such an one as was originally sold to Mr. Groot for that sum."

On cross-examination of this witness, the defendant's counsel inquired of him whether, when the paper, above described, was presented by them to the defendant for payment, the defendant did not claim that the contract between himself and Groot, when the paper was executed, was, that in consideration of the return of a piano, in a damaged condition, to the defendant, which Groot had previously bought of him new for $295, the defendant would allow him that sum towards the price of a piano costing not less than $550, which Groot was thereafter to purchase of the defendant, or of some firm with which the defendant—being a piano dealer—was dealing, in which case it was to be bought, by the defendant, for Groot; and that therefore, Groot having purchased a piano of Lighte & Co., with whom the defendant was not dealing, the defendant was entitled to the same discount from the $295 mentioned in said paper, which he would have received on the price of a $550 piano purchased of one of the firms with which Story dealt—being about thirty per cent.

The plaintiff thereupon claimed that the paper, in question, constituted a contract, and that the inquiry to the witness called for parol testimony tending to vary the terms of such written contract, and therefore objected to the question.

The defendant then claimed that the paper did not constitute a contract, so as to exclude the testimony called for by the question ; and moreover that it was not admissible, in evidence, as a contract, because it was not stamped with a five cent United States Internal Revenue stamp, as required in cases of written contracts by the laws of the United States. But the court decided that the paper did, in itself, constitute a contract, and that it was admissible in evidence, notwithstanding it had no five cent internal revenue stamp upon it, and that no parol evidence could be admitted to vary or explain the terms of the contract ; to all which the defendant excepted.

But the court decided that on cross-examination of this witness the defendant was entitled to inquire into the whole conversation between Ernst and the defendant at that time, because the plaintiff had, through the same witness, proved a part of it.

And the witness answered the question, that Story said nothing further than that " he expected a commission from us because he was a piano dealer. He did not tell me that he was to have the sale and commission of the piano sold, or what the paper was given for."

The defendant was allowed to, and did, inquire at large of the witness respecting all the conversation between the witness and himself at the time in question.

The plaintiff then introduced evidence, which was not contradicted, tending to prove that Lawrence, after receiving the authority above recited from Lighte & Co., and before the commencement of this suit, called on the defendant, at his store in Burlington, and there notified him that he had the paper in question and authority from Lighte & Co. to select a piano in payment thereof, and that he did then and there select a piano—the price of which was $350—and offered to take it for the paper and to pay the difference—$55—to the defendant in money, and that

the defendant replied to him that he should not have that piano, nor any other.

The plaintiff thereupon rested his case. The defendant offered to prove by the defendant that at the time the paper in question was executed, a verbal contract was made in regard to the purchase of the piano at a future time, by Groot, of the defendant, at a price equal to $550 or $600; that the piano was to be purchased of the defendant, or of some piano dealer with whom Story was in trade, and in Story's name, or if at any other dealer's, then Story was to be notified and have an opportunity to purchase it himself, and that this contract was made in consideration of the defendant receiving back a piano in a damaged condition at $295 which Story had formerly sold, at the same price, to the plaintiff; that it was not intended by the parties to reduce this contract to writing, and that the paper offered in evidence, by the plaintiff, was given simply as a receipt for $295 towards the price of the piano which was to be purchased under that contract.

To this evidence the plaintiff objected and the court excluded it, to which the defendant excepted.

The defendant offered no further evidence, and waived his right to go to the jury upon the truth of the plaintiff's evidence, and the court directed a verdict for the plaintiff for $295, and interest from the time of the demand of a piano by Lawrence, as above stated, to which the defendant also excepted.

*Wm. G. Shaw* and *E. R. Hard*, for the defendant.

The paper offered in evidence by the plaintiff was so ambiguous that parol testimony was admissible to show what it was in fact, and to what it referred. *Noyes* v. *Canfield*, 27 Vt., 79; 2 Parsons on Cont., 549–564; *Giddings* v. *Munson*, 4 Vt., 308; *Hitt* v. *Slocum*, 37 Vt., 524; *Tucker* v. *Baldwin*, 13 Conn., 135; *Bishop* v. *Perkins*, 19 Conn., 300; *Johnson* v. *Weed*, 9 Johnson, 310; *Batdorf* v. *Albert*, 59 Penn. St., 59.

Giving to the paper the force of a contract that Groot was to select the piano in question, the evidence offered did not contradict it. The paper is silent as to when, where, or how it was to be selected. The contract is so vague and indeterminate that it

does not exclude evidence on all these points, nor on the quality or prices of the pianos from which the selection was to be made. Parol evidence is inadmissible in this case only upon the theory that, the writing having provided merely that the piano was to be selected by Groot, it is a legal presumption or inference that there was no limitation upon his selection. But this is a mere presumption of law, and such presumptions may always be rebutted by parol evidence. *Musselman* v. *Stoner*, 31 Penn. Stat., 265, 270 ; *Davenport* v. *Mason*, 15 Mass., 85 ; *Potter* v. *Hopkins*, 25 Wend., 416.

But instruments which have all the form and semblance of a contract, are not always conclusive. It may always be shown by parol that it was not the intention to reduce the whole contract to writing, (in which case the part not reduced to writing is allowed to be available,) or that the instrument was not delivered as a contract, but for some other purpose.

The fundamental question is, For what purpose was the paper delivered ? Was it delivered as a contract or as something else ? This purpose may be shown by parol, and when shown it controls the force and use of the instrument. *Winn* v. *Chamberlin*, 32 Vt., 318 ; *King* v. *Woodbridge*, 34 Vt., 566 ; *Holmes* v. *Crossett*, 33 Vt., 116 ; *Huson* v. *Henderson*, 1 Foster, 224 ; *Webster* v. *Hodgkins*, 5 Foster, 128 ; *Filkins* v. *Whyland*, 24 N. Y., 338 ; *Hazard* v. *Loring*, 10 Cush., 267 ; *Dunham* v. *Barnes*, 9 Allen, 352 ; *Hildreth* v. *O'Brien*, 10 Allen, 104 ; *Rogers* v. *Hadley*, 2 Hurl. & Colt, (Ex.,) 227, 234 ; *Miller* v. *Fichthorn*, 31 Penn. St., 261—Lowrie, Ch. J ; *Musselman* v. *Stoner*, 31 Penn. St., 265 ; *Hitt* v. *Slocum*, 37 Vt., 526 ; *Barber* v. *Prentiss*, 6 Mass., 434 ; *Storer* v. *Logan*, 9 Mass., 54 ; 4 Phillips' Ev., Cow. & Hill's notes, p. 60, citing *Gerrish* v. *Washburne*, 9 Pick., 338.

But while parol evidence in regard to the terms of the contract was admissible on the part of the defendant, it was indispensable on the part of the plaintiff. Without it, he could not recover.

*E. J. Phelps* and *L. L. Lawrence*, for the plaintiff.

The court was correct in excluding the evidence offered by the defendant. There is no ambiguity in the written instrument

which requires explanation. It shows upon its face that the defendant is in debt to the plaintiff for the sum of $295, to be paid in such a piano as the plaintiff may select. The words " in part payment " import that the instrument was to be worth more than that sum, and the words " said piano to be selected by Mr. Groot " show that the question *how much more* was to be determined by him in the selection. Effect can be given to every part of the instrument without parol evidence. The evidence offered was calculated to add to these terms an important stipulation, and that in direct contradiction of their plain import. *Powell* v. *Edmunds*, 12 East, 6 ; *Jeffery* v. *Walton*, 2 E. C. L., 385 ; *Reed* v. *Wood*, 9 Vt., 285 ; *Davis et al.* v. *Bradley & Co.*, 24 Vt., 55 ; *Thompson* v. *Ketchum*, 8 Johnson, 146.

The offer to show a contemporaneous parol contract is equally objectionable. *Erwin* v. *Saunders*, 1 Cowen, 249 ; *Bradley* v. *Bentley*, 8 Vt., 243 ; *Hunt* v. *Adams*, 7 Mass., 518 ; *Hatch* v. *Hyde*, 14 Vt., 25 ; *Fitzhugh* v. *Runyon*, 8 Johnson, 292 ; *Raymond* v. *Roberts*, 2 Aikens, 204 ; *McGregor* v. *Bugbee*, 15 Vt., 734 ; *Langdon* v. *Langdon*, 4 Gray, 186.

The defendant is estopped from denying the import of the instrument. *Davis et al.* v. *Bradley & Co.*, 24 Vt., 63 ; *Dezell* v. *Odell*, 3 Hill, 215.

The opinion of the court was delivered by

REDFIELD, J. This was an action of assumpsit upon the following specifications:

May 28th, 1864, to cash, . . . . . . . . . $295 00
To interest to Sept. 10th, 1866, . . . . . . . . 40 41

$335 41

In support of the claim, the plaintiff introduced the following instrument:

Due Mr. Harvey Groot two hundred and ninety-five dollars, in part payment for a piano : said piano to be selected by Mr. Groot. Burlington, May 28th, 1864.

H. L. STORY.

The defendant offered to prove that said writing was executed in consideration that defendant at that date received of the plaintiff an

old piano, in part payment for a new piano, which plaintiff was to select from such as defendant might have on hand, or from some firm with whom the defendant — being a piano-dealer — was dealing: in which case it was to be bought by defendant for the plaintiff. The defendant received back the old piano at the same price for which he had formerly sold it to the plaintiff, in consideration that plaintiff agreed to select one costing not less than $550 : in which case the defendant would receive a profit or commission of at least thirty per cent. The plaintiff claimed that the writing was a contract, and that said parol evidence was not admissible to explain, vary, or enlarge the contract; and the court rejected the evidence and directed a verdict for the plaintiff: the execution of the writing, and the selection and demand of a piano in defendant's store at Burlington, valued at $350, being admitted.

After plaintiff had insisted that the writing constituted a contract, and objected to the admission of parol testimony to explain it, the defendant objected to the paper being admitted in evidence as a contract, for the want of a five cent internal revenue stamp: which the court overruled.

I. The majority of the court think that the paper constituted a written *contract*: that it was susceptible of a definite legal construction without extrinsic aid. And the parol evidence was not admissible to explain, enlarge or vary it, and was properly rejected. That parol testimony is inadmissible to explain or vary a written *contract*, is not disputed; but the boundary line in the multitude of cases, is not always clearly visible between what is and what is not a contract. Parol evidence is admissible to explain or give construction to a *receipt*, or to explain the condition of the parties and the subject matter of the contract.

In *Winn* v. *Chamberlain*, 32 Vt., 318, the plaintiff had signed a paper acknowledging the receipt of a sum of money in satisfaction of certain claims; yet the court admitted parol evidence to explain and control its construction, and extend it to other matters not named in the writing; and held that the instrument was substantially a *receipt*. In *Noyes & Co.* v. *Canfield*, 27 Vt., 79, defendant contracted in writing to carry " all freight" at a stated price per ton, and parol evidence was admitted to show that

*pressed hay* was not the kind of frieght intended by the parties; and the court, ISHAM, J., said, " when from the language used, the *object* or *extent* of the contract connot be determined, parol evidence is admissible to ascertain the *object* upon which the contract was designed to operate." In *Putnam* v. *Smith*, 4 Vt., the grantor reserved " *all free-stone* " on the land conveyed, and parol evidence was admitted to show that the parties had reference to loose stone on the surface of the land, and not to a ledge which was afterwards discovered.

My own impression at the argument of this case was—and that impressson has in no degree abated by further examination —that this writing evidenced merely the *receipt* of a sum of money in part payment of a piano thereafter to be delivered; and hence is subject to explanation by parol.

II.  That such extrinsic evidence was admissible to show that the parties *intended* and delivered it as a *receipt* and nothing more.

III.  That the words " said piano to be selected by Mr. Groot," are so " vague and general" that evidence *aliunde* must necessarily be admitted to show the meaning of the parties.  When and where and from what stock was it to be " selected " ?  Could the plaintiff select one of a kind in which defendant did not deal ?

If parol evidence was admissible to prove that defendant was a dealer in pianos, thereby to raise a presumption, it was admissible to rebut that presumption.  " Previous conversations between the parties may be shown when it becomes important to show in *what sense* subsequent writings passing between them *were understood*." 1 Greenl. Ev., § 288, a; *Macdonald* v. *Longbottom*, 1 Ellis & Ellis, 977.

But a majority of the court think that this writing constitutes a *contract*, and is not subject to be explained or affected by parol evidence.

The judgment of the county court is therefore affirmed.