### SAMUEL C. RAYMOND *vs.* BENJAMIN ROBERTS.

Different writings upon the same subject between the same parties, and especially if executed at the same time, are to be construed together, and treated as one instrument.

A contract evidenced by several writings, of which one is a *receipt,* cannot be varied or explained by parol, in a point wherein the writings, taken together, are specifick.

Cases of fraud an exception to this rule.

How far, and under what circumstances a receipt may be explained or varied by parol testimony.

THIS was a motion by the defendant for a new trial, founded on exceptions taken at the trial in the county court, and certified up for the final decision of this Court thereon.

The case was *assumpsit,* for goods sold and delivered. Plea, *non assumpsit,* and a verdict for the plaintiff.

On the trial, the plaintiff, in support of the issue, first offered and read in evidence, without objection, the following contract: "I hereby agree, in case *Jonathan Roberts* purchases of Samuel

*Bennington,*
*January,*
1827:

Raymond
*vs.*
Roberts.

C. Raymond the stocks of goods which he has on hand, I will be jointly accountable with the said *Jonathan* for the payment, at the time and in the manner to be agreed on by them.

BENJAMIN ROBERTS.

Clarendon, July 11, 1820.

He also proved, that at or about the same time, he sold to *Jonathan Roberts* all the goods in his store, to the amount of about *four thousand* dollars, in view of the contract aforesaid.

The defendant, in support of the issue on his part, offered in evidence, and without objection read to the jury, the following *receipt:* "Received, Manchester, June 1, 1822, of *Jonathan Roberts,* three thousand dollars in goods, which is to apply on an account I hold against the said *Jonathan* and *Benjamin Roberts.*

*Walter Wells.*                    SAMUEL C. RAYMOND.

And the defendant further offered parol evidence to prove, that the said receipt was executed by the said *Raymond* to the said *Jonathan,* for the goods then in the store of the said *Jonathan,* and which the said *Jonathan* had then assigned to the plaintiff. That no inventory was then taken of the goods, nor their amount ascertained, and that the plaintiff then agreed that he and one *Ralph B. Roberts* would take an inventory of the goods then on the shelves in said store, and ascertain the amount, and if the goods amounted to more than the sum of $3000, mentioned in said receipt, he would apply the overplus on his claim against the said *Benjamin* and *Jonathan,* by virtue of the contract aforesaid. The defendant also further offered to show in evidence, that at the time the said receipt was given, there were goods to a large amount then in boxes in the store, which the said *Jonathan* had then lately brought from *New-York,* and which had not been opened; and that there were also certain goods in *Troy,* which the said *Jonathan* had also lately brought from New-York; and that the said *Jonathan,* at the time the said receipt for $3000 was given, did also assign to the plaintiff the goods in the said boxes in the store, and the said goods at Troy; that the same were not included in the said receipt of $3000, and that the plaintiff did agree to account for the same at their bills, and apply the amount on his claim by virtue of the contract above recited.

To all which testimony the plaintiff objected; and as furnishing a foundation for his objection, he read, without objection, a written assignment of said goods to him, bearing date the same 1st day of June, 1822, and which was as follows: "For and in consideration of the sum of *three thousand dollars,* I hereby assign, sell and transfer unto *Samuel C. Raymond* all the goods which *is* now in the store, also one tierce and one box hardware, also one crate and one tierce crockery and glass ware, which is now in Troy.   June 1, 1822.   JONATHAN ROBERTS."

*Walter Wells.*

Whereupon, the Court rejected the parol testimony so offered as aforesaid.   To which opinion of the Court the defendant excepted.

Bennington,
January,
1827.

Raymond
vs.
Roberts.

*Smith*, for the defendant, in support of the motion. Parol testimony is admissible to show the receipt given by the plaintiff to Benjamin Roberts was taken subject to a future account. A receipt is an exception to the general rule, that a writing cannot be explained by parol.—2 *Esp. N. P.* 496, 525.—2 *T. R.* 366, *Stratton* vs. *Rustall.*—3 *Johns. R.* 319, *M'Kensley* vs. *Pearsall.*—5 *Johns. R.* 67, *Toby* vs. *Barker.*—2 *Chip. R.* 26, *Dodge* vs. *Billings.*—11 *Mass. R.* 27, *Stackpole* vs. *Arnold.*

*Secondly.* Admitting the receipt cannot be varied by parol, the testimony offered by the defendant, to prove certain goods in boxes in the store, which had been assigned to the plaintiff, constituted no part of the goods for which the receipt was given, was admissible. The receipt is in general terms, and barely acknowledges the reserving three thousand dollars in goods, without designating any particular goods. Whether the goods upon the shelves, or the goods in the boxes in the store, or both of them was included in the receipt, is a matter which may be ascertained by parol.

*Thirdly.* The written assignment introduced by the plaintiff, does not render the testimony offered by the defendant inadmissible. That the goods specified in the assignment passed to the plaintiff, the defendant does not pretend to controvert. The object of the testimony offered is to show the price of the goods, and with respect to this the assignment is not conclusive evidence. This position may be supported by several considerations.

1. A written contract is not conclusive evidence of a fact collateral to the contract, and not within its subject matter. It cannot be conclusive any farther than to carry into effect the intent of the parties, and this is not subject to be defeated by parol. The object, and the only object expressed in the assignment, is a valid transfer of certain goods. Of course, a consideration was necessary, and for this purpose and no other was the consideration of three thousand dollars mentioned. The assignment, therefore, is conclusive no farther than as a legal transfer of the goods. To make it conclusive evidence of the price of the goods, would be giving it a collateral effect, not contemplated by the parties. The price of the goods was not intended to be expressed in the assignment, and therefore may be ascertained by parol.—*Phil. Ev.* 426, 428, 443.—1 *Wheat. Sel.* 68.—2 *Esp. N. P.* 526.—2 *Term R.* 366, *Stratton* vs. *Rustall.*—3 *Term R.* 474, *Rex* vs. *Scanmondere.*—8 *Term R.* 379, *Rex* vs. *Laindon.* —4 *Johns. R.* 23, *Adm'r. of Kip* vs. *Denniston.*—3 *Cranch,* 311, *Harris* vs. *Johnston.*—6 *Cranch,* 338, *Maryland Ins. Co.* vs. *Ruden's Adm'r.*

2. An action of *assumpsit* lies to recover the price of real property sold and conveyed by deed, and the deed is not conclusive evidence of payment. The same is true with respect to personal property, sold and transferred in writing, with or without seal. In the present case, if an action had been brought to recover the price of the goods, the assignment would not have been conclu-

sive evidence of payment, and much less of the price of the goods.—1 *Chit. Pl.* 338.—2 *Chit. Pl.* 7, 8.—17 *Mass. R.* 249, *Wilkinson* vs. *Scott.*—15 *Mass. R.* 85, *Davenport* vs. *Mason.*—14 *Johns. R.* 210, *Shephard* vs. *Little.*—ib. 165, *Velie* vs. *Myres.*

3. A different principle than the one contended for, would lead to the greatest injustice. If the purchaser is not prepared to pay down the price on receiving a conveyance or transfer of property, either real or personal, a note is taken. For a variety of reasons, a recovery upon the note may be defeated. There may be some fatal defect in the terms of it, or it may be so ambiguous as to be impossible to ascertain the intent of the parties. A gaming or usurious consideration may be included in the note. In neither of the supposed cases could a recovery be had upon the note. If the deed is made conclusive evidence of payment, the party cannot resort to the original consideration of the note, and loses the price of his property. A principle which leads to such a result, it is believed, cannot find a precedent for its support.

4. The principle, that a consideration *different* from that expressed in a deed or assignment, cannot be shown by parol, is not affected by the testimony offered. It is not applicable to a case where the *payment* or *amount* of the consideration is matter of examination.

*Bennett*, contra. The receipt and assignment are parts of the same transaction.

1. The contract of assignment is clear, and in no way ambiguous, including *all* the goods in the store, and also those at Troy.

2. The testimony offered, was not to show any *fraud* in obtaining the assignment, or any *mistake* in the terms of it.

3. The testimony would be directly repugnant and contradictory to the contract of assignment, and of course inadmissible. —1 *Phil. Ev.* 424, 436.—2 *Black. R.* 1249, *Preston* vs. *Merceau.* —1 *Johns. R.* 139, *Schermerhorn* vs. *Vanderheyden.*

The opinion of the Court was delivered by

HUTCHINSON, J. The counsel for the defendant apply their arguments to the receipt and assignment separately, and urge, that by authorities cited, parol testimony ought to be admitted to contradict a receipt in its collateral, though not in its direct consequences. That the receipt is general, not naming what goods; that the assignment binds not as to the amount of the consideration, but the truth may be shown by parol, as in several cases cited, of receipts and deeds.

In the several cases cited, of a recovery of the value of real estate, notwithstanding the recital in the deed, that the consideration was received, there is a seeming departure from the rule, not to admit parol testimony to contradict a writing; for if the consideration was received, as the deed recites, the inference drawn is, that the same is not still due. But the true reason of those decisions is, that the receipt of the consideration is not in money, but in a separate contract to pay at a future day. That

*Bennington,*
*January,*
*1827.*

*Raymond*
*vs.*
*Roberts.*

Bennington,
January,
1827.

Raymond
vs.
Roberts.

contract may be in writing, as a note, or rest in parol, for future payment. The deed says the consideration was received, but does not say how. Proving that it was received in a promise to pay in six months, does not contradict the deed.

The true reason why receipts are open to parol investigation, and to be varied in their operation, and even contradicted, according to the cases cited, is, that they are usually general in their expressions, and many matters, not thought of at the time, might otherwise be controled by their general expressions, contrary to right, and contrary to the intention of the parties; and many mistakes are made in settlements, to correct which, the doors of justice should not be shut by the general terms of a receipt, which describes no particulars of what is settled.

But, when a receipt contains no general or vague expressions, but all is definitely descriptive of what is intended to be affected by it, such a receipt, like other writings in general, must not be assailed with parol testimony, unless on the ground of fraud.

Each of these instruments, the receipt and assignment, partakes, in some degree, of that generality, which might be affected by parol testimony, in those parts which are only general. The receipt signed by the plaintiff, is for $3000 in goods. The defendant's counsel, in viewing this by itself, have well observed, that as this does not describe what goods, they are at liberty to show what, and also to show other goods beside these, which the plaintiff received in payment of his demand.

But, it is a sound principle, that different writings upon the same subject, between the same parties, and especially if executed at the same time, are to be construed together, and treated as one instrument. Apply this rule to these papers, put them together, and they form one entire special contract, by which the defendant, or Jonathan Roberts, sells to the plaintiff, for $3000, *all the goods in the store, also one tierce and one box of hardware, also one crate and one tierce of crockery and glass ware, which were then in Troy*, and the plaintiff agrees to give him for the same three thousand dollars, and make payment, by applying that sum on his demand, which is the subject of this suit. Letting these stand thus as one contract, still it would have been proper for the defendant to show, by parol proof, that other goods were sold at the same time, that were to apply in payment of the same debt, and not included in this description. In doing this, he might have shown what store was alluded to in the assignment, all the goods in which were conveyed to the plaintiff; then show a sale of others elsewhere. So, of two towns by the name of Troy, he might show which was intended. Or, if there were at Troy more boxes and tierces than were described in the writing as being sold, either party might introduce parol testimony to show which were intended.

But the testimony offered by the defendant in this case, was offered for no such purpose, nor had it any such tendency. Its object and tendency were to show, that a part of the goods named in the assignment, were not included in the receipt which

fixes the price agreed upon by the parties. I say agreed by the parties, for the writings together contain the mutual agreement of both the parties, for the sale and the price to be paid, and the mode of payment. The tendency, then, was to contradict the writings in a point where they are specifick, and not assailable with parol testimony, unless on the ground of fraud, which is not here pretended.

The decision of the county court, rejecting this testimony, was correct, and the defendant takes nothing by his motion.

Let judgment be entered on the verdict.

PRENTISS, J. I concur in the opinion; though I have no doubt but that parol testimony may be given to contradict a receipt.

NOTE.—The execution not having been staid below, the judgment here was for the costs only.

*Milo L. Bennett* and *John Aiken*, for the plaintiff.

*C. Sheldon, J. Sargeant* and *P. Smith*, for the defendant.