## BENJAMIN HOLMES *v.* EDWIN C. CROSSETT.

### *Evidence.*

In defence to an action upon a promissory note, the defendant gave in evi- dence a written agreement signed by the plaintiff and others, purporting to be the defendant's creditors, promising not to sue the defendant previous to the expiration of a certain period not elapsed when the plaintiff's suit was brought; *Held,* that it was competent for the plaintiff to show by *parol* that he signed this agreement upon the condition that it should not be binding unless *all* the defendant's creditors signed it, and that they had not all done so.

ASSUMPSIT upon two promissory notes, signed by the defendant and one James Crossett, and payable to the plaintiff or bearer.

Plea the general issue, and trial by the court at the September Term, 1859,—BARRETT, J., presiding.

The plaintiff introduced in evidence, and proved the execution of, the notes declared on.

The defendant introduced in evidence a written agreement, dated October 6th, 1857, after the execution of the notes in ques- tion, signed by the plaintiff and others, purporting to be the creditors of James and Edwin C. Crossett, whereby the signers thereof agreed not to commence suit upon any claim held by them against James and Edwin C. Crossett, within one year

from that date. The defendant also proved that this suit was brought before the expiration of one year from the date of such agreement.

The plaintiff then offered parol evidence tending to show that the arrangement, in pursuance of which this agreement was signed, was that it was not to become operative and obligatory upon those signing it, unless *all* the creditors of the Crossetts should sign it; that the plaintiff signed the agreement and delivered it to the attorney of the Crossetts under and in reliance upon such arrangement, and that all their creditors did not sign it.

To the admission of this testimony the defendant objected, but the court admitted it, to which the defendant excepted.

The court rendered judgment for the plaintiff for the amount of the note declared on.

*L. Henry* and *Peck & Colby*, for the defendant.

*Dillingham & Durant*, for the plaintiff.

PIERPOINT, J. The only question raised in the discussion of this case, was as to the admissibility of the parole evidence offered by the plaintiff, to show that the instrument, relied upon by t¹ e defendant to prove that the plaintiff had agreed not to commence a suit upon his claim for a given period, was signed by the plaintiff under and in consequence of an express agreement, on the part of the defendant, that it was not to become operative and obligatory on those who signed it, unless *all* the defendant's creditors should sign it.

It is insisted that the admission of this evidence by the court below was in violation of the rule of law that excludes all parol evidence to contradict or vary a written instrument.

We cannot so regard it. The evidence was offered not to show that the contract between the parties was different from what it appeared upon the face of the paper to be, but to show that no such contract had been entered into.

The paper, on its face, imports a perfect agreement. The signature of the plaintiff is attached to it, and it is in the possession of the defendant; from these facts the presumption arises that such an agreement as the paper imports was entered into

between the parties. This presumption, however, may be rebut-ted, and there is no more effectual way of doing it than by prov-ing that it was never delivered by the party who signed it to the party in whose possession it is, to be held by him as an existing contract between them. Evidence that it was obtained surrepti-tiously, fraudulently, by mistake, or that the party was permitted to hold it for some purpose to be accomplished before the instru-ment could have any legal binding force in effect, would be admiss-ible for that purpose ; and any of these facts may be established by parol testimony, without infringing on any of the rules on the subject of varying or contradicting written instruments.

The offer in this case was to show that no such agreement as the paper indicated had been made, and that the instrument, after it was signed by the plaintiff, was permitted to remain in the hands of the defendant, not as one that he had the right absolutely to retain and enforce, but which he held in order that he might obtain the signature of the other creditors, which he agreed he would do, or the paper was to be of no validity.

If the plaintiff had retained the paper in his possession after he signed it, refusing to deliver it until all the other creditors had come and signed it, no person would contend that it would have been binding upon him. The fact that the defendant was per-mitted to take it, for the purpose of obtaining to it the signatures of those other creditors, can give it no greater validity. It was not delivered to him as a valid binding obligation.

The argreement that the paper was not to become binding until all the creditors had signed it, was no part of the contem-plated agreement to suspend the collection of their debts, and no part of the contract they reduced to writing. It was simply an agreement as to the terms and conditions upon which the paper was to become a contract. And whether these conditions are complied with or not, the terms and stipulations of the contem-plated agreement are the same ; nothing is added to or taken from its terms. The only effect of a compliance is to make that a contract which before was not a contract. When it becomes a contract between the parties, it speaks for itself, as to its terms and conditions, and cannot be varied by parol testimony. But it is no violation of the rule to show by parol evidence the condi-

tions upon which it was to become a contract, and that those conditions have not been complied with, so that no contract in fact exists.

This case is not like that of the *Passumpsic Bank* v. *Goss*, 31 Vt. 315, which has been referred to in the argument. In that case the surety signed the note under an agreement with the principal that he was not to get it discounted until he had obtained the signature of another person to it. In violation of the agreement he got it discounted without the signature of such other person, and the plaintiff took it without any knowledge of the agreement. The court held that the maker could not set up this agreement as a defence against an innocent holder. Had the bank known of the existence of the agreement when they discounted the paper, that case would have presented a different question, and one much more like the one in this case. There the discounting of the paper would have been a gross fraud upon the maker, and the result would probably have been different. So in this case the attempt to set up this paper as a defence, before the signature of all the creditors was obtained to it, in violation of his agreement, is a fraud upon the plaintiff.

This view of the case is in conformity with the principles long recognized by the courts in this State, and is in strict accordance with the English decisions on the subject. The recent case of *Pym* v. *Campbell*, 36 E. L. & E., is fully in point. Some of the cases cited by the counsel for the defendant, from Massachusetts, seem to recognize a different rule, but we think that so far as they vary from the rule here recognized, they must be regarded as a departure from the common law.

Judgment affirmed.