## STEWARDS OF THE METHODIST EPISCOPAL CHURCH *v.* TOWN.

### *Corporation. Amendment. Evidence.*

In assumpsit upon a subscription made to "the stewards of the Methodist Episcopal Church in the village of Montpelier," the plaintiffs were allowed to amend the writ which named as plaintiffs the members of the board to which the subscription was made, and described them as such stewards, by inserting names of other and subsequently elected stewards, and the words, "a corporation organized," &c., defendant objecting, for that the action should have been brought in the names of those who constituted the board at the time the subscription was made. *Held*, that the board of stewards, by whomsoever composed, constituted a legal party for enforcing the rights of the body corporate, and that the amendment was therefore matter merely formal and properly allowed.

The defendant sought to show by parol that H., who procured his subscription, agreed at the time it was made, that he should be allowed to pay it in work upon the building for the erection of which it was made. *Held*, that as the subscription and the alleged agreement as to the manner of its payment were set forth as a single, entire, and completed transaction, and as the subscription was also on its face a single, entire, and completed contract, the evidence was not admissible.

ASSUMPSIT upon a subscription paper. Pleas, the general issue and set-off, with notice of special matter. Trial by jury, March Term, 1876, REDFIELD, J., presiding.

It appeared by said paper that the subscribers thereto severally promised to pay the stewards of the Methodist Episcopal Church in the village of Montpelier, or their authorized agent, the sums by them severally subscribed, for the purpose of building a new house of worship in said village. The original writ described the plaintiffs as " stewards of the Methodist Episcopal Church in the village of Montpelier." Upon trial before the justice, the plaintiffs moved to amend the writ by inserting the names of three other stewards of said church as co-plaintiffs, and the words, " a corporation organized under the laws of the state of Vermont, for the support of the gospel, located at Montpelier." To that amendment the defendant objected, but it was allowed. The defendant renewed his objection on trial in the County Court, but the court overruled it; to which the defendant excepted. It appeared that those named as plaintiffs in the writ as amended, were not all stewards of the church at the time said subscription was made, and that there were others not named in the writ who were stewards at that time; and the defendant claimed that the suit should have been brought by the former stewards, and not by the plaintiffs; but the court ruled that the plaintiffs might maintain the suit; to which the defendant excepted.

It appeared that one Holman, who obtained said subscription, was, at the time it was made, in charge of the work upon the seminary building then being erected in Montpelier, and was afterwards in charge of the work on said church; that the defendant was engaged by said Holman to work, and that he did work, upon said seminary building, and that he also worked a little after said subscription was made, in getting out materials for the church building, but that he was afterwards discharged by said Holman; that at the time the subscription was made, the proposed new church had not been located, there had been no vote to build it, and no building committee had been elected; and that neither said Holman nor any one else had any special authority to contract for labor on said church building, other than would arise from his relation to the church and the subsequent adoption of the subscription by the society.

The defendant offered parol evidence tending to show that he

was induced to make said subscription by an agreement of said Holman in behalf of the plaintiffs, that if the defendant would subscribe he should have employment on the seminary and the new church buildings until they should be completed, and that he might pay his subscription in work in the winter season. To the admission of this evidence the plaintiffs objected; but the court admitted it.

The court directed a verdict for the plaintiffs for the amount of the subscription and the interest thereon, and the jury found for the sum of $95. The court also left it to the jury to find, first, whether said Holman agreed on behalf of the plaintiffs in consideration of said subscription that the defendant should be employed upon said buildings until they should be completed; and, secondly, whether the defendant's service in said employment was terminated by said Holman wrongfully and without sufficient cause. The jury found in the affirmative upon both points, with damages for the defendant to the amount of $95. The court rendered judgment, *pro forma*, for the plaintiffs; to which the defendant excepted.

*H. W. Heaton* (*Heath & Carleton* with him), for the defendant, cited *Middlebury College* v. *Williamson*, 1 Vt. 212.; *Emerson* v. *Wilson*, 11 Vt. 357; *Powelton Coal Co.* v. *McShain*, 75 Pa. 238; *Renshaw* v. *Graves*, 7 Barr, (Penn. State) 117; *Batheman* v. *Pierce*, 3 Hill, 171; *Mill* v. *Mooney*, 30 Ga. 413; *Branch et al.* v. *Wilson*, 12 Fla. 543.

*Gleason & Field*, for the plaintiffs, cited Gen. Sts. c. 90, s. 13, et seq.; *Jones* v. *Webber*, 1 D. Chip. 215; *Bradley* v. *Bentley*, 8 Vt. 243; *Isaacs* v. *Elkins*, 11 Vt. 679; *Blodgett* v. *Morrill*, 20 Vt. 509; *Bowman* v. *Stowell*, 21 Vt. 309; *Conn. & Pass. Rivs. Railroad Co.* v. *Bailey*, 24 Vt. 465; *Lewis et al.* v. *Locke*, 41 Vt. 11; *Groot* v. *Story*, 44 Vt. 200; *Admr. of Wood* v. *Shurtleff*, 46 Vt. 325; *Anderson et al.* v. *Brock*, 3 Greenl. 243.

The opinion of the court was delivered by

BARRETT, J. "'The stewards of the church'" designate, *representatively*, a body corporate that has continuous succession.

The individuals, who hold the office under the annual elections, constitute the board designated as above, and it is the board, by whomsoever, as individuals, made up, that constitutes the legal party for asserting and enforcing the rights of the body corporate. The subscription declared on was made to " the stewards of the Methodist Episcopal Church in the village of Montpelier," without further designation. The particular persons covered by that designation is matter of no substantial importance. Consequently the proposed amendment was matter merely formal and technical, and properly allowed.

The other question we treat in the same view in which it was treated in the argument, viz: as involving the legal propriety of supplementing the written contract of subscription by evidence of matter resting in parol in addition to, and varying in legal effect, the writing, and giving rights and imposing liabilities not given and imposed by the writing. It is not claimed nor shown that any fraud was practiced in procuring the subscription that would invalidate its binding force upon the defendant. So there is no defence under the general issue. The defence relied on is set forth in the plea in offset and in the notice of recoupment. They both proceed on the ground, and both set forth, that, as a part of the contract of subscription, it was agreed that the defendant should be employed in the manner described, and that he was to pay his subscription by work to be done by him the next following winter. The subscription, and what is alleged as to work and payment, are set forth as constituting a single, entire, and completed transaction. The written subscription, at the same time, contains on its face a single, entire, and completed contract, valid in law to every intent indicated by its terms. It does not purport to be a fragment or part of a contract, of which another fragment or part existed, but had been purposely omitted from the writing. On this statement the application and effectual operation of the familiar doctrine and rule as to adding to or varying a written contract by matter resting in parol, would not be made plainer or more decisive by discussion. The written contract of subscription is to stand upon its terms and to have effect accordingly. This excludes the defences set forth in the plea and notice. The

issues on that plea and notice were made in the only way open to the plaintiffs, for they could not safely demur, for the plea and notice did not show whether or not the matter of them was resting in parol or in writing. Consequently the proper course was for the plaintiffs to object to the parol evidence, and upon that objection it ought to have been excluded by the court. The County Court and counsel seem to have regarded the case as made up, as presenting the question of the legality of that evidence in proof of matter resting in parol, in addition to or varying the written contract. There is no error in the judgment, and it is affirmed.