## SARAH R. BACON *v.* O. S. DODGE.

*Written instrument. Parol evidence.*

O. gave a promissory note in the ordinary form to M., signed by himself alone.. Immediately following the note on the same piece of paper was a lien,. reciting that the above note was given for a horse which was to remain the property of M. until the note was paid. The lien was signed by O.. and the defendant. *Held,* that the plaintiff might show by parol that the defendant's signature was intended to be to the whole instrument and to bind him upon the note.

General and special assumpsit for the amount of a promissory note. Plea, the general issue. Trial by court at the September Term, 1888, TYLER, J , presiding. Judgment for the defendant.. The plaintiff excepts.

The following is a copy of the note and lien in suit:

"WASHINGTON, Feb. 7th, 1885.

"For value received I promise to pay Wm. W. Martin or bearer seventy-five dollars—payable fifteen dollars in one week,. ten dollars in three weeks, ten dollars the 15th of March, and the remainder the fifteenth of April.

(Signed)      OSCAR E. DODGE.

The above note is given for one bay mare. Said mare is to be and remain the property of the said Martin until the above note is fully paid, and at his control at all times.

(Signed)      OSCAR E. DODGE,

S. SMITH, witness.         W. H. FIFIELD,
O. S. DODGE.

Endorsed—Pay to Daniel Bacon or bearer, without recourse to me.

(Signed)      WM. W. MARTIN."

*J. N. Johnson,* for the plaintiff.

The note and lien were one contract, and the signing at the bottom was a signing of the whole.

Bacon v. Dodge.

The parol proof should have been admitted to explain the ambiguity in the instrument. *Raymond* v. *Roberts*, 2 Aik. 204 ; *Strong* v. *Barrows*, 11 Vt. 221 ; *Gray* v. *Clark*, 11 Vt. 583 ; *Reed* v. *Field*, 15 Vt. 672 ; *Rogers* v. *Bancroft*, 20 Vt. 250 ; *Tittmore* v. *Mutual Ins. Co.*, 20 Vt. 546 ; *Thrall* v. *Newell*, 19 Vt. 202 ; *Rood* v. *Johnson*, 26 Vt. 64 ; *Barker* v. *T. & R. R. Co.*, 27 Vt. 766 ; *Hydeville Co.* v. *Eagle R. & Slate Co.*, 44 Vt. 395 ; *Graham* v. *Stevens*, 34 Vt. 166 ; *Wing* v. *Cooper*, 37 Vt. 178 ; *Jordan* v. *Dyer*, 34 Vt. 104 ; *Davis* v. *Goodrich*, 45 Vt. 56.

*Heath & Fay*, for the defendant.

There was no latent ambiguity in the contract and parol evidence was not admissible to vary it. 1 Greenl. Ev. ss. 275, 277, 281 ; 2 Abb. Nat. Dig. s. 77 and cases there cited ; *Rich* v. *Elliot*, 10 Vt. 211 ; *Pingry* v. *Watkins*, 17 Vt. 379 ; *Brown* v. *Hitchcock*, 28 Vt. 452 ; *Norton* v. *Downer*, 31 Vt. 407 ; *Aldrich's Admr.* v. *Hapgood et al.*, 39 Vt. 617 ; *Groot* v. *Story*, 44 Vt. 200 ; *Morse, Exr.* v. *Low, Admr.*, 44 Vt, 561 ; *Brandon Mfg. Co.* v. *Morse*, 48 Vt. 322 ; *Pitts* v. *Brown*, 49 Vt. 86 ; *Daggett et al.* v. *Johnson*, 49 Vt. 345 ; *Smith* v. *Fitzgerald*. 59 Vt. 451.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of general and special assumpsit. The plaintiff introduced in evidence a note payable to Wm. W. Martin or bearer, signed by Oscar E. Dodge, and a lien contract reciting that said note was given for one bay mare, and that the mare was to remain the property of Martin until the note was paid, which was signed by said Dodge and by W. H. Fifield and the defendant, and offered to prove that the defendant signed said contract as surety for said Oscar E. Dodge, and that it was meant and intended by the parties to be a signature to the whole instrument and to make the defendant liable upon the note, and that he so understood when he signed it. The court rejected the evidence and rendered judgment for the

(30)

Bacon *v.* Dodge.

defendant, to which the plaintiff excepted. We think the evidence was admissible for the purpose for which it was offered. It was said in *Wing* v. *Cooper*, 37 Vt. 178, to ascertain the intent of the parties in entering into a contract or agreement, in a case where that intent upon the face of the instrument is doubtful, or the language used by them will admit of more than one interpretation, the court will look at the situation and motives of the parties making the contract or agreement and will allow those circumstances to be shown by parol evidence, notwithstanding the contract is in writing. And there are numerous other cases cited in the plaintiff's brief and in Roberts' Digest on pages 304 and 305, which announce the same doctrine.

*Judgment reversed and cause remanded.*