## CHARLES LABBEE v. NELSON S. JOHNSON.

JANUARY TERM, 1894.

*Varying written contract by parol. Lien note. Not ⁘ the contract.*

1. Where, upon an exchange of horses, a lien note is given by one of the parties upon the horse received by him, as security for boot money, oral evidence may be given as to the terms and conditions of the trade, and this is not a varying of the written instrument by parol, for the purpose of the note was not to state the contract of exchange, but merely for the purpose of security.

2. The maker of a promissory note may show the terms and conditions on which it was delivered, and that the payee or holder has no right to it except for the accomplishment of a particular purpose.

Trover for the conversion of a horse. Heard at the May term, Windsor county, 1893, Munson, J., presiding, upon the report of a referee and exceptions thereto. The court overruled the exceptions and gave judgment for the plaintiff. The defendant excepts.

The plaintiff sought to recover for the conversion of a brown horse. The referee reported that the plaintiff had swapped this brown horse with the defendant for a black mare, giving the defendant seventy dollars boot. For the purpose of securing the payment of this seventy dollars the plaintiff gave the defendant a lien note on the black mare, as follows:

"$70.00.        LEBANON, N. H., May 24, 1892.

For value received I promise to pay Nelson S. Johnson or order the sum of ($70.00) seventy dollars, payable ten dol-

lars the first of July and ten dollars a month thereafter until all is paid. This note is given for one black mare four years old, with four white feet and a white stripe in the face.

This day conditionally sold and delivered by Nelson Johnson to Charles Labbee, and said property is to be and remain the property of said Nelson S. Johnson until said note is wholly paid.

And my residence is in the town of Hartford, Vt.

Witness: L. E. JOHNSON.

J. E. JOHNSON.                          His

CHARLES (X) LABBEE.

mark."

The plaintiff then proposed to show by parol that at the time of the trade it was agreed that in case the black mare did not prove all right the defendant should receive her back and deliver to the plaintiff his note and horse; that the black mare was not all right and that the plaintiff had returned her to the defendant and demanded back his note and horse, but that the defendant could not and did not return the horse, since he had disposed of him. The referee received this evidence, subject to the objection and exception of the defendant, and found the facts which the evidence tended to establish.

*William Batchelder* for the defendant.

The lien note was the contract of sale, and plaintiff could not vary it by parol. *Hatch* v. *Hyde*, 14 Vt. 25; *Bradley* v. *Bentley*, 8 Vt. 243; *Isaacs* v. *Elkins*, 11 Vt. 679; *Davis* v. *Bradley*, 24 Vt. 55; *Gillett* v. *Ballou*, 29 Vt. 296; *Reed* v. *Wood*, 9 Vt. 285; *Bond* v. *Clark*, 35 Vt. 537; *Re Perkins' Est.*, 65 Vt. 313; *Abbott* v. *Choate*, 47 Vt. 53; *Connor* v. *Carpenter*, 28 Vt. 237; *Fuller* v. *Hayward*, 39 Vt. 617.

*J. G. Harvey* for the plaintiff.

The lien note was not intended to express the contract of

sale.   The parol testimony is not inconsistent with its terms. *Dodge* v. *Billings*, 2 D. Chip. 26; *Winn* v. *Chamberlin*, 32 Vt. 319; *Hadd* v. *U. S. and C. Express Co.*, 52 Vt. 336; *Bennett* v. *Flannagan*, 54 Vt. 549; *Ashleys* v. *Hendee*, 56 Vt. 209; *Connor* v. *Carpenter*, 28 Vt. 237.

THOMPSON, J.   The only question made is in respect to the admission of parol evidence to show that as a part of the trade by which the parties exchanged horses it was agreed that if the black mare received by the plaintiff of the defendant was not all right and satisfactory he might return her, and the defendant would return the brown horse in suit to the plaintiff.   The defendant contends that the execution and delivery of the note and lien described in the referee's report precludes the plaintiff from showing by parol what the contract of exchange in fact was.   The contention is not sound.   The lien note was intended only as security, and not as a repository of the terms of the contract.   It does not even allude to the contract in regard to the brown horse, and as to the black mare it only says she was "conditionally sold."   The maker of a promissory note may always show the terms and conditions on which it was delivered, and that the payee or holder had no right to hold it except for the accomplishment of a particular purpose.   *Winn* v. *Chamberlin*, 32 Vt. 318; *Park* v. *McDaniels*, 37 Vt. 594; *Stewart* v. *Martin*, 49 Vt. 266; *Reynolds* v. *Hasson*, 56 Vt. 449; *Perry* v. *Dow*, 56 Vt. 569.   The defendant recognized and acted under the contract after receiving the lien note as security.   He took back the black mare, surrendered the note to the plaintiff, and it would now be a strange anomaly in the law if he could stand behind the note to prevent a recovery for the brown horse which he has converted to his own use.   Such is not the law.

*Judgment affirmed.*