WALTER CAMERON *v.* HENRY ESTABROOKS.

October Term, 1900.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 12, 1901.

*Specification as a concession*—In an action of book account, by credit-
ing the plaintiff's charges in a specification under a plea in offset,
the defendant, in effect, concedes that such charges are correct.

*Fraud*—An instrument is vitiated by fraud in procuring the signature
*thereto*—*Invalidity may be shown in an action at law*—If an in-
strument is in any material particular fraudulently misread to the
party executing it, and he is thereby induced to sign an instrument
which he did not intend to sign, it has no legal existence and its
invalidity may be shown in an action at law.

*Oral evidence to impeach the validity of a written instrument*—*Fraud
by misreading*—The rule that oral evidence is not admissible to
vary a written instrument has no application when the legal exist-
ence of the instrument is in question.

ACTION of book account. Heard upon the report of an
auditor and exceptions thereto, Caledonia County, June Term,
1900, *Taft,* C. J., presiding. The exceptions were overruled,
and judgment was rendered for the plaintiff on the auditor's
report. The defendant excepted.

*H. A. Farnham* and *Porter & Thompson* for the plaintiff.
*Marshall Montgomery* for the defendant.

START, J. The action is book account. The only item
on the debtor side of the plaintiff's account is for forty days
service at twenty dollars a month. The defendant, by credit-
ing this item in his specifications under his plea in offset,
in effect, conceded that the debtor side of the plaintiff's account
was correct; and the same was properly allowed by the
auditor.

The defendant claimed before the auditor that he had
paid the sum of sixteen dollars for the board of the plaintiff,

and that this item should be allowed to him under his plea in offset. In support of this claim, the defendant offered in evidence a writing, signed by the plaintiff, which is in the following words and figures:

"St. Johnsbury, Vt., May 16, 1898.

$20.00. I have this day commenced work for H. F. Estabrooks at rate of $20. per month, less board, until I get used to the business, or until we make a new contract."

The plaintiff admitted that he signed this contract, but claimed that he was induced to do so by reason of the defendant's incorrectly reading it to him. On this point, the plaintiff's evidence tended to show, that the contract was written by the defendant late in the evening, and handed to him, the plaintiff; that he was unable to read it, and handed it back to the defendant and asked him to read it; that the defendant pretended to do so, but, instead of reading it as it was written, he read that the plaintiff was to receive $20. and his board; and that he did not read the words, "until I get used to the business." To the admission of this evidence, the defendant excepted; and, as we construe the exceptions to the report, the admissibility of this evidence is the only question reserved for consideration.

This evidence was properly received and considered by the auditor upon the question whether the plaintiff's signature to the contract was obtained by fraud. If the plaintiff's signature was thus obtained, it was such fraud in the execution of the instrument as would enable the plaintiff to avoid it. When an instrument is fraudulently misread, in a material particular, to the party executing it, and he is thereby induced to sign an instrument which he did not intend to sign, it is not his contract; and courts of law may treat the instrument as though it never had any legal existence. "Fraud," says Mr. Justice

Nelson, in delivering the opinion in *Hartshorn* v. *Day,* 19 How., U. S. 223, "in the execution of the instrument has always been admitted in a court of law, as where it has been misread, or some other fraud or imposition has been practised upon the party in procuring his signature and seal. The fraud in this respect goes to the question whether or not the instrument ever had any legal existence." In the following, and many other cases, the holdings are to the same effect: *Trombly* v. *Ricard,* 130 Mass. 259; *Lithographing Co.* v. *Houppert,* 104 Al. 503, 53 Am. St. Rep. 77; *Van Valkenburgh* v. *Rouk,* 12 John. 337. The rule contended for by the defendant's counsel, that parol evidence is not admissible to vary a written instrument, has no application when the legal existence of the instrument is in question. *Webster* v. *Smith,* 72 Vt. 12.

*Judgment affirmed.*