## GILMAN BROS. *v.* GEORGE WILLIAMS.

May Term, 1902.

Present: ROWELL, C. J., START, WATSON and HASELTON, JJ.

Opinion filed May 22, 1902.

*Contracts—Concurrent oral agreement—Parol evidence—Argument.*

In an action on a promissory note given for the purchase price of a pair of horses, evidence of a parol agreement made at the time of the purchase and the delivery of the note, that the purchaser was to take the horses on trial, and return them if not satisfactory, is admissible.

There is nothing in the exceptions to show that the allowance of an argument by defendant's counsel that the unexplained absence from the trial of one of the partners who was present at the time of the sale in question, though he had no connection with it, was a suspicious circumstance and indicated that material matters were being kept from the jury, was improper.

GENERAL ASSUMPSIT with a count on a promissory note. Plea, the general issue. Trial by jury at the December Term, 1901, Caledonia County, *Munson,* J., presiding. Verdict and judgment thereon for the defendant. The plaintiffs excepted.

The plaintiffs claimed to recover a balance due on a lien note given for the purchase price of a pair of horses sold by them to the defendant on the day of the date of the note, which horses had since been taken and sold by an officer, and the net avails applied thereon. The defendant's parol evidence, admitted under exception, tended to show that, at the time of the purchase of the horses and the execution and delivery of the note, it was agreed between the parties that the defendant should take the horses and use them a few days, and if they were not all right and satisfactory, he should return them and receive back his note; that he took and kept them about a

week, and they proved to be lame, and he returned them to the plaintiffs and demanded the note; that plaintiffs accepted the horses, and promised to mail the note to him, but failed to do so. The plaintiffs denied this arrangement, and their evidence tended to show that the horses were not lame when taken by defendant. The sale of the horses was made on the part of the plaintiffs by Fred Gilman, and, while Dan Gilman was about the premises at the time, he had no connection with the transaction. He was not present at the trial, and his absence was unexplained. Counsel for defendant was permitted, subject to exception, to argue to the jury that his absence was a suspicious circumstance which should be taken against the plaintiffs, and indicated that material matters were being kept from the jury.

Porter & Thompson for the plaintiffs.

The note sued upon contains an absolute and unconditional promise to pay. The parol evidence of the defendant tended to vary this promise and to annex to it a condition. Parol evidence cannot be admitted to annex a condition to a written contract. *Bradley* v. *Bentley,* 8 Vt. 243; *Isaacs* v. *Elkins,* 11 Vt. 679; *Hatch* v. *Hyde,* 14 Vt. 25; *Connor* v. *Carpenter,* 28 Vt. 237; *Allen* v. *Furbish,* 4 Gray 504; *Gillett* v. *Ballou,* 29 Vt. 296; *Morse* v. *Lowe,* 44 Vt. 561; *Stewards, etc.* v. *Towne,* 49 Vt. 29; *Gates* v. *Moore,* 51 Vt. 222; *Benedict* v. *Cox,* 52 Vt. 247; *Underwood* v. *Simonds,* 12 Met. 275; *Perry* v. *Bigelow,* 128 Mass. 129; *Kulenkamp* v. *Groff,* 71 Mich. 675. The cases *Isaacs* v. *Elkins, Allen* v. *Furbish,* and *Underwood* v. *Simonds, supra,* are directly in point.

The defendant relies upon *Labbee* v. *Johnson,* 66 Vt. 234, but we maintain that the principle laid down in that case is not applicable to this case. In that case it was the *security* and not the *contract* which was involved. In this case the only effect of the parol evidence was to alter the terms of the writ-

ten contract. Nor was the evidence of the warranty of the horses admissible. In *Reed* v. *Wood,* 9 Vt. 285, the court says: "Whenever there is a sale, and either a bill of sale or a sale note given, such bill of sale or sale note is the evidence of the contract and cannot be varied." *Bond* v. *Clark,* 35 Vt. 577; *Putnam* v. *McDonald,* 72 Vt. 4; *Mast* v. *Pearce,* 58 Ia. 579; *Lamb* v. *Crafts,* 12 Met. 353; *Mumford* v. *McPherson,* 1 John. 413; *McCray, etc.* v. *Woods,* 99 Mich. 269.

The parol evidence was not admissible on the ground of failure of consideration, because it tended to show only a partial failure,—*Richardson* v. *Sanborn,* 33 Vt. 75; *Hoyt* v. *McNally,* 66 Vt. 38,—and no plea was filed. V. S. 1152. The evidence of an agreement that the horses might be returned if not satisfactory, and that the note would be thereupon surrendered was inadmissible, without a plea or notice to that effect, since it provided for an accord and satisfaction of a debt already absolute. V. S. 1150.

The argument based upon Dan Gilman's absence was improper. No unfavorable presumption arises in such cases, until it affirmatively appears that the absent party knows something material to the decision of the controversy. *Peetz* v. *Railway Co.,* 42 La. Ann. 541; *Sauer* v. *Oil Co.,* 43 La. Ann. 699; *Schnell* v. *Tooner,* 56 Ga. 168; *Emory* v. *Smith,* 54 Ga. 273. The presumption of honesty and fair dealing avails the plaintiffs, and the argument allowed by the court, deprives the plaintiffs of this presumption. *Rea* v. *Harrington,* 58 Vt. 181; *Blaisdell & Barron* v. *Davis,* 72 Vt. 295; *Cutler & Martin* v. *Skeels,* 69 Vt. 154.

*May & Simonds* for the defendant.

The written instrument does not purport to contain all the provisions of the contract. The lien note is only security. *Labbee* v. *Johnson,* 66 Vt. 234. The maker of a note may always show the conditions on which it was delivered. *Labbee*

v. *Johnson, supra; Winn* v. *Chamberlain,* 32 Vt. 318; *Park* v. *McDaniels,* 37 Vt. 594; *Stewart* v. *Martin,* 49 Vt. 266; *Reynolds* v. *Hassam,* 56 Vt. 449; *Barre* v. *Dow,* 56 Vt. 509. No objection can be made on the ground of lack of pleadings because this question was not seasonably raised below. It was not until the request to charge was made that this point was raised. It was then too late. *Davis* v. *Simonds,* 65 Vt. 79; *Warden* v. *Warden,* 22 Vt. 563; *Laureat* v. *Vaughn,* 30 Vt. 90. The cause of action on the note never became complete. *McClure* v. *Briggs,* 58 Vt. 82. The argument based upon the absence of one of the plaintiffs was proper. *Beattie* v. *Railway Co.,* 41 Vt. 275; *In re McCabe's Will,* 70 Vt. 155; 73 Vt. 175; *Bank* v. *Drenan,* 71 Vt. 289.

ROWELL, C. J. The existence of an oral agreement as to a matter on which a document is silent, and which is not inconsistent with its terms nor its legal effect, may be proved by parol, if, in the circumstances of the case, it may properly be inferred that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them. This case falls within that principle, which is more a rule of substantive law than of evidence. Here the document shows on its face that it was not intended to be a statement of the whole of the transaction out of which it grew, but only of that part of it which related to the security for the payment of the price. *Labbee* v. *Johnson,* 66 Vt. 234, 28 Atl. 986, is precisely in point, as there the document was like this to all legal intents.

As to the comment of defendant's counsel to the jury on the unexplained absence from the trial of one of the plaintiffs, it is enough to say that there is nothing in the exceptions to show that its allowance was improper.

*Affirmed.*