Bennington,
.February,
1837.

JOEL VOLUNTINE *v.* CALEB GODFREY.

Voluntine
*v.*
Godfrey.

Where there is an express promise to pay a certain rent, and the premises are actually occupied and not surrendered by the tenant, during the term, assumpsit for use and occupation may be sustained and the whole rent recovered, though most part of the premises were consumed by fire during the term and there was no *written* contract.

This was an action of assumpsit. One count was for use and occupation of certain premises, being, principally, part of a woolen factory, and certain tools, machines and privileges. This action was, by consent of the parties, submitted by rule of court to referees, who made report to the County court in substance, as follows ; that the plaintiff's claim before them consisted of but two items, to wit, fifteen dollars and fifty cents paid for defendant for insurance. This was not disputed. Also, three hundred dollars for use and occupation. In relation to this, they report, that the premises, with the privileges described in the plaintiff's declaration were, by the plaintiff, in April 1835, leased by parol to the defendant, for one year, for which the defendant agreed, by parol, to pay three hundred dollars ; that in pursuance of said agreement, said defendant entered into possession, and occupied, until the 6th day of January 1836, when the factory part of the leased premises was burnt, and he continued to occupy, through the year, all that part of the premises not consumed. Godfrey, in the course of the year, delivered to the plaintiff one condense card, at the price of $325,00, in payment of said rent, and, for the balance, the plaintiff was indebted to him. The referees allowed the defendant the said $325, and allowed the plaintiff said $15,50 in money, and rent at the rate of $300 per year, up to the time the factory was burnt, and, after that time, only such sum as they adjudged the use of the remainder of said premises was worth. They reported that they intended to decide according to law, and submitted the revision of their proceedings to the court. The County court allowed to the plaintiff the whole rent of three hundred dollars, rendering judgment for the defendant, for a balance of only nine dollars and fifty cents, to which the defendant excepted, and the cause passed to the Supreme court.

*J. S. & U. M. Robinson, for defendant.*

It is admitted that, upon an *express covenant,* the lessee is bound to pay rent, notwithstanding a destruction of the premises, upon

the principle that the obligation to pay is created by the act of the party. *Paradine* v. *Jane*, Alleyne's Rep. 26.

So, too, in the action of assumpsit for use and occupation, where the agreement is in writing, and, therefore, valid by the statute of frauds. 4 Taunt. Rep. 45.

In that case, also, the liability to pay is created· by the act of the party.

But when there is a parol contract, as contra-distinguished from a written one, for the hire of premises, the parol contract is void by the statute of frauds. ·And if the tenant never occupies, no compensation can be recovered; or if the tenant does. occupy, he is liable only in respect of his occupation. Swift's Dig. 132.

The liability of the tenant, to pay for the use and occupation, is, therefore, created by law—and he is excused, if the premises are destroyed, upon the distinction, in the books, between an obligation imposed by law, and one created by act of the party. 1 Dall. Reports, 210. 1 Swift's Dig. 13.

*Lyman & Southworth, for the plaintiff.*

The referees should not have apportioned the rent.

I. The rule is well settled, that where there is an express covenant to pay rent, and no exception is made for cases of destruction by fire, &c.—the rent may be recovered for the whole term, though the premises be destroyed. 2 Saund. Rep. 422, note 2, and cases cited. 2 Ld. Raym. 1477. 2 Stra. 763 and cases cited. 3 Johns. Rep. 44. 6 Mass. Rep. 63. 1 Term. Rep. 312 & 708. 6 Term. Rep. 688.

II. Nor is there any sound distinction between agreements to pay rent under seal, and those not under seal. *Baker* v. *Holtpzaffell*, 4 Taunt. 45.· Sel. N. P. by Wheaton, 551. *Boot* v. *Wilson*, 8 East. 311. 5 T. R. 141.

That this action is an equitable action will not help the defendant. Courts of equity will not enjoin suits, brought to recover rent, when there has been a destruction of the premises by fire. 1 Maddock's Ch. 38. 18 Vesey, 115. 3 Anst. 687.

As to its being against equity, that the plaintiff should recover, it will be seen that cases have gone much further than this—as when the premises are no longer occupied—when there was an offer to surrender, and when the lessee neglected to re-

build, though he had covenanted so to do.   3 Johns. 44. 18 Ves. 115. 1 Term. Rep. 310.

III. Though the agreement to pay rent be by parol—still we believe the rule will be the same.

The same reasons exist for enforcing such an agreement—thus, in each case, the lease is *a sale* of the premises for the term.   The lessee continues to hold the land—and the lessor cannot re-enter.   The obligation to pay is a *duty created by the act* of the party, and might have been provided against.

Though, by the statute, we are prevented from maintaining an action on the agreement, still, the agreement should furnish *the rule of damages*, and, for that purpose it is not void—the defendant having occupied during the term—and claiming only that the premises were *lessened in value*, without the fault of the lessor.

At any rate, a part of the property destroyed was not within the statute, being personal property.   On what principle are we deprived of the rent for that ?

But, admitting we could maintain no action upon the agreement, and that it did not furnish the rule of damages, on no *principle could the defendant recover back money paid under the agreement.* ·

Though the referees speak of the machine as having been *applied in offset,* yet, they tell us, at last, that it was *delivered in payment of the rent,* except $25, part of the price.

The defendant, then, is in the attitude *of a claimant* under the statute, not of a *resister of claims*.   He would use it as *a weapon of attack, not of defence.*   We believe he could not succeed in this, had he chosen never to enter into the occupation of the premises at all—the plaintiff doing nothing to prevent him—it would be contrary to the whole current of authorities on this subject. 1 Swift's Dig. 260, 261, 136. 1 Stark. Selw. 12. 2 N. P. 67. Peake's N. P. 6. 15. *Philbrook* v. *Belknap,* 6 Vt. Rep. 383.

But it was presented as *a defence.*

By pleading payment, a defendant is estopped from saying the contract was by parol. 1 Swift's Dig. 265. Peake's N. P. C. 15.

In this case, the defendant never attempted to rescind the contract.   It is not in the power of the lessee after occupying premises during the term, and paying rent agreeably to the contract,

to treat it as a nullity, and recover back the difference between the actual value, and what was paid.

The opinion of the court was delivered by

COLLAMER, J.—Under the statement of facts reported, is the plaintiff entitled to sustain this action ? At common law, every reservation of rent was considered as of the realty, and to be recovered by distress or debt, and this, whether by deed or by parol. This did not arise from any writing, required by the statute of frauds and perjuries, for it was so before this act was passed. *Dartnal* v. *Morgan*, Cro. Jac. 598. Yet, when there was an actual use by permission, and an *express promise* to pay, in consideration of the permission to occupy, this was not considered as a lease and reservation of rent, and assumpsit might be sustained. This created much difficulty as to the form of the action ; to relieve which the statute of 11 Geo. 2. Ch. 19, was passed, which gives assumpsit in all cases, except where the demise is by deed. Here, there was an *express promise* to pay, and actual occupancy, by permission, and, therefore, this action of assumpsit can be sustained at common law, Whether that express promise is by word or by writing, is immaterial, if it is not by deed. It is not now necessary to inquire what could be done with a case of use, with no express promise to pay.

The contract between these parties amounts to this. In consideration that the plaintiff will permit the defendant to take possession of the plaintiff's factory, tools, machinery and privileges, and use and occupy them one year, the defendant will pay the plaintiff 300 dollars. The plaintiff does permit the defendant so to do, without any molestation by the plaintiff, or surrender by the defendant. This is the contract, and this is in substance the declaration. How much is the plaintiff entitled to recover ?

It is undoubted law, that, where the defendant expressly agrees to pay rent, he must pay, though the buildings be consumed, as he has not guarded himself against such a contingency, by any exception. It is now insisted that this is peculiar to specialty or covenant. This is not so. The case of *Baker* v. *Holtpzaffell*, 4 Taunt. 45, was not a deed, yet the tenant was compelled to pay the whole rent. It is further insisted, that the contract was for the sale of an interest in land, and void by the statute, and that, as no action can be sustained thereon, it should be wholly laid out of the case, and the plaintiff recover

only so much as the defendant actually had the use of. Our statute does not declare a parol contract, in relation to an interest in land, *void*. It only provides that no action shall be sustained thereon. Therefore a count, declaring on such a letting, as an executory contract, could only be sustained by a written contract. But this statute, like the other clauses in the same section of the English statute of frauds, is entirely inapplicable to contracts *executed*. That statute provides that no action shall be sustained on a parol contract not to be performed within a year. Yet, if such a contract be made, and the service be performed, and action be therefor brought, the price fixed by this parol contract is the measure of damages. If a parol contract be made to give $5,000 for a certain farm, and the conveyance be actually made and accepted, and possession taken, most undoubtedly an action may be sustained for the $5,000, notwithstanding it was agreed *by parol*, and though no action could have been sustained on it, as an executory contract. So, in this case, the contract was *executed*. The plaintiff sold the defendant the occupancy of certain premises, and delivered them. The defendant *agreed* to pay therefor a certain sum, and he made no exceptions. He has had that occupany, without molestation from the plaintiff, and without surrender by himself. It is *executed* on the part of the plaintiff, and is binding on the defendant.

Judgment Affirmed.