## SILAS PERRY *v.* ISAIAH BUCKMAN.

### *Consideration. Contract. Book Account.*

If one party to an agreement promise the other party thereto that in case the latter will relinquish his rights under the agreement, the former who was not liable therefor, will pay him his expenses incurred on account of it, and such relinquishment is thereupon made, it is a sufficient consideration to support the former's promise to pay the latter's expenses; and such expenses are recoverable under this promise, in an action on book account.

And such would be the case although the party making the promise had had the right, in the first instance, to put an end to the agreement in question at will. After choosing to contract with the other party for the surrender of

the latter's rights under the agreement, he cannot avoid this new contract on the ground that he might have terminated the first agreement otherwise.

Therefore, where the defendant, who was the owner of a patent right, agreed with the plaintiff that the latter might sell the right in this State, have one half of the proceeds and pay his own expenses, and the plaintiff incurred expense in endeavoring to make sales, but was unsuccessful; subsequently to which the defendant made other arrangements whereof he informed the plaintiff, and they thereupon agreed that the plaintiff should give up his agency and the defendant should pay him his expenses incurred in it; *Held* that the defendant's agreement to pay the plaintiff's expenses was founded on a sufficient consideration, and that, under this new agreement, the plaintiff was entitled to recover for such expenses, incurred under the old one, in an action on book account.

BOOK ACCOUNT. It appeared from the auditor's report that on the 28th day of May, 1850, the defendant, who was the owner of a patent right in a bedstead, agreed with the plaintiff that the latter might sell the right in this State, have one-half of what he could get for it, and bear his own expenses, and that the defendant gave him a writing, as follows : " This certifies that Silas Perry, of Woodstock, Vt., is duly authorized to act as agent for the sale of rights to my patent bedstead for the State of Vermont. South Woodstock, May 28, 1850 : " that the plaintiff sold to one Lamson the right for Bridgewater and Plymouth for forty or forty-five dollars, and took his note ; that Lamson was not responsible ; that the plaintiff gave up the note to the defendant at his request, about the latter part of February, 1852 ; that the plaintiff made no more sales in this State, though he made considerable effort ; that in February, 1852, the defendant made an arrangement at Montpelier, with one Abbott, of that place, to manufacture bedsteads under his patent, on commission, to be sold throughout this State, of which he soon after informed the plaintiff, and the plaintiff and defendant thereupon agreed that the former should give up his agency and the defendant should pay him his expenses incurred therein ; that the plaintiff had but one item of charge for expenses, which bore date February 20, 1852, and was for seventy-five dollars ; that his expenses amounted to as much as the charge ; that the charge with interest amounted to eighty-four dollars, and after deducting an account presented by the defendant against the plaintiff, which was allowed, a balance

of seventy-seven dollars and seventy-five cents was found due the plaintiff, if he was entitled to recover on the foregoing facts.

The county court, at the May Term, 1859, REDFIELD, Ch. J., presiding, rendered judgment upon the report for the plaintiff, for the balance above stated, to which the defendant excepted.

*Washburn & Marsh* for the defendant.

*Converse & French* for the plaintiff.

PIERPOINT, J.   The first objection that is urged to the plaintiff's right to recover, is, that the promise under which the plaintiff claims the right to make the charge, which he is seeking to enforce in this suit, was made without consideration, and consequently gave no right of action in any form.

It appears that prior to the time when the promise was made, the plaintiff and defendant had entered into an agreement in relation to the sale of a patent right in a bedstead which the defendant owned, by which it was agreed, that the plaintiff might sell the right in the State of Vermont, have one-half he could get for it, and bear his own expenses ; that under this agreement the plaintiff had expended considerable time and money to the amount of at least seventy-five dollars, in traveling about for the purpose of making sales of the rights ; that he had made but one sale, and that proved unproductive in consequence of the want of responsibility of the purchaser, so that in point of fact he had received nothing to compensate him for his time and expenses, up to the time when the contract, under which this claim is sought to be enforced, was entered into.   While the business stood in this position, the defendant entered into an arrangement with a Mr. Abbott, of Montpelier, to manufacture bedsteads under this patent, to be sold in this State ; and then, apparently to avoid any conflict between the parties, or their interests, growing out of these two contracts, the defendant entered into another arrangement with the plaintiff, whereby it was agreed that the plaintiff should give up his agency, and that the defendant would pay the plaintiff his expenses, incurred in the business.   Thereupon the plaintiff did give up his rights under the agreement, and charged his expenses over to the defendant.

Under the original contract, no question is made but what the plaintiff had the right to sell the patent throughout this State, and that the expenses were incurred in proper and laudable efforts for the purpose of doing it.

In entering into this contract, both parties must have expected that whatever time and expenses the plaintiff should expend in the prosecution of this business, would be reimbursed from the one-half of the proceeds of the sales, and that the defendant would receive the other half for his patent.    Each undoubtedly expected the result to be profitable.    Still, if upon fairly carrying the contract into execution, it should  result otherwise, of  course they must abide the loss.    Yet each had the right to insist that the agreement should be fairly kept and executed, by the other.    The defendant had the right to insist that the plaintiff should be faithful in the discharge of his part of the agreement, and make sales of the right as fast as he reasonably could ; the plaintiff, also, had the right to claim a reasonable time and opportunity, to sell the patent so as to reimburse himself for his time and expenses, and to make such profit therefrom as he might be able. And after the plaintiff had fairly and in good faith entered upon the business, spent time, and incurred expenses, without doing any act, or neglecting to do any act of which the defendant could complain, the defendant could not terminate the contract from mere caprice, and without cause, and if he had attempted it, would have made himself liable to the plaintiff.   He did not attempt it, but (as we think wisely,) sought to accomplish the same object by agreement, and having succeeded, we think that any promise he made to the plaintiff to induce him to surrender his right, and in consideration of which the plaintiff did surrender his right, was made upon a consideration, ample to sustain its legality.

But if the defendant had the right to put an end to the agreement at will, still if he did not choose to exercise it, but from considerations of justice, or economy, and in order to avoid a lawsuit, he chose to contract for the surrender of the right, and the right was thereupon surrendered, such surrender would be a sufficient consideration to support the contract, and the defendant could not afterwards avoid it on the ground that he might have terminated it otherwise.

But it is said the action on book cannot be sustained to recover the expenses which the defendant agreed to pay, on the ground that the right to charge them to the defendant did not arise at the time they were incurred, by the terms of the contract then existing, and that the contract did not contemplate the happening of any event, that would confer that right.

It is quite clear that the right to charge these expenses did not exist when they were incurred, and nothing since has arisen under *that* contract that can give the right. If then the action is to be sustained, it must be by virtue of the contract entered into at the time the promise was made.

What was that contract? and what its effect upon the relations existing between the parties? The plaintiff, it would seem, had traveled about the State somewhat, endeavoring to sell the patent, and thus bringing it before the public, and preparing (apparently) the way for its sale, if it was of real value, as the parties doubtless supposed it to be, but he had made only one sale. If he transferred his right then to the defendant, it would be obvious to them both, that the defendant and Mr. Abbott would derive all the benefits to result from the plaintiff's labor and expense. Under such circumstances, what would the defendant naturally say? and what is the fair import of what he did say and do? Why simply that if the plaintiff would give up his right, he, the defendant, would regard what he (the plaintiff) had done, as having been done for him, treat him as his agent in what he had done, and that he would pay the plaintiff his expenses. The parties evidently treated this last agreement as having relation back to the time when the first was made. This is conclusively shown by the fact, that upon the making of this contract, the plaintiff surrendered to the defendant at his request, the note he had taken upon the sale he had before made. This would not probably have been done except upon such an understanding. Such an arrangement, and change of the relations existing between the parties, would undoubtedly give the plaintiff the right, on the surrender of his claim, to charge these expenses over to the defendant, The right of the plaintiff to recover the sum found due by the auditor, and the obligation of the defendant to pay it, upon the facts reported, cannot be questioned, and we should be very

unwilling, (after having established his right to recover in some form of action,) to turn him out of court, on the ground that he had misconceived his remedy, unless required so to do, by some positive rule of law, especially when the action adopted, secures to the defendant, all advantages by way of defence, or otherwise, that he could possibly have in any action.

This case does not come within the rule adopted in the cases cited by the counsel for the defendant, that the right to charge on book must exist at the time the property is delivered. In those cases the right to charge is claimed to exist by virtue of the contract under which it was delivered. In such case the right to charge must exist, if at all, at the time of delivery. But it has never been held that when property has been delivered under one contract, which does not change the ownership and give the right to charge, the parties may not make a new contract that shall change the ownership and give the right to charge. In such a case, the right to charge does not depend upon the contract under which the property is delivered, but upon the one that changes the ownership, and the right becomes perfect on the completion of that contract.

So too of contracts for services. If a party contracts with a mechanic to build a house for a given sum, and after the mechanic has expended time and money on the job, the other party concludes to take the business into his own hands, and an arrangement is made by which it is agreed that the mechanic shall be paid by the day for his time, and his expenses, from the commencement, we apprehend there can be no doubt that the mechanic might at once charge his labor and expenses on book, although at the time, he had no right under the then existing contract, to charge them to any one. So in this case, when the defendant agreed to pay the plaintiff his expenses in this business from the beginning, and both parties treated the agreement as having relation back to that period, and as vesting in the defendant all the results of the business from that time, we think the plaintiff had the right to charge the expenses on book, and to recover for them in this form of action.

The judgment of the county court is affirmed.