DENNISON L. WOOD v. JESSE JAMES.

Special Term at St. Johnsbury, April, 1918.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed December 18, 1918.

*Vendor and Purchaser—Contracts—Rescission—Consideration —Unambiguous Language—Interpretation—Province of Court—Parol Evidence—Additional Oral Agreement— Written Contract—Terms—Presumption—Effect of Mutual Rescission—Harmless Error—Affirming Judgment on Ground not Raised Below—Reversal.*

Where the parties by mutual consent rescind a contract for the sale of land, the release of one is a consideration for the release of the other.

A contract in clear and unambiguous language is to be interpreted by its own terms, without resorting to parol evidence of what was said between the parties during the negotiations thereof.

The interpretation of such a contract is for the court.

Parol evidence may be received for the purpose of showing an additional oral agreement entered into at the time of making a written contract not inconsistent therewith.

The presumption of law is that the writing contains the whole contract; the exception being where it is shown that the parties did not intend to reduce the whole contract to writing, and the portion omitted is consistent with the writing.

Where there is no ambiguity in the contract that requires explanation by oral testimony such testimony is no more admissible to vary its clear and settled meaning and effect than it is to vary its terms.

Where the parties to an executory contract for the sale of land made a written agreement declaring the contract "void" and releasing each other from it and all the conditions therein specified, each party was restored to his former situation, and was entitled to have restored to him that which had been received by the other by virtue of the rescinded contract.

Where the determinative question in a case was wholly one of law and the court should have directed a verdict, the submission of

the case to the jury was harmless error where the jury returned the proper verdict.

In such case, the questions presented for review, other than on the motion for a verdict, are immaterial to the rights involved, and the rulings of the court were harmless to the excepting party.

The judgment below will be affirmed, if it can be on any legal ground, whether it be on a ground presented in Supreme Court or not.

The judgment will not be reversed on a ground not raised below and not briefed and presented in argument before the Supreme Court, for the exceptor has the burden of making the record show affirmatively that error was committed below.

While, for some purposes, it is competent to show the real consideration of a contract by parol evidence, a party cannot, under the guise of showing such consideration, prove an oral agreement, either antecedent or contemporaneous with the contract, which varies its terms or legal meaning or effect.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury at the September Term, 1917, Orleans County, *Butler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Dunnett, Shields & Conant* for the defendant.

*Frank D. Thompson* for the plaintiff.

MILES, J. This is an action of contract in the common counts in assumpsit to recover money paid by plaintiff to defendant upon a contract for the sale of real estate by the latter to the former, dated March 28, 1917. The plea is the general issue. In and by the contract the defendant agreed to convey to the plaintiff certain real estate and personal property, for which the plaintiff agreed to pay the defendant the sum of $7,500, as follows: $2,500 on the day of the contract, and the balance on or before the 1st day of May, 1917, and the defendant agreed, upon the completion of the payment of the full amount according to the terms named, he would convey and deliver to the plaintiff the property, giving him a perfect title to the same. On the execution of the contract, the plaintiff paid defendant the $2,500 in accordance therewith.

On the 29th day of April, 1917, the plaintiff went to the farm in question with the intention of completing the payment for the property purchased and of taking the conveyance and possession thereof, all in accordance with the terms of the contract. On that day the plaintiff and defendant looked over a part of the premises, and on the following day they entered into an agreement, written on the paper containing the contract of sale, which agreement was as follows: "The above agreement is hereby declared void, and the parties hereby release each other from the above and all the conditions therein specified." Though this agreement was dated April 28, 1917, it was signed on April 30th.

The defendant was allowed to introduce parol testimony tending to show the conversation had between him and the plaintiff, leading up to and resulting in the execution of the agreement of rescission, and from the conversation so shown he claimed to have understood, and to have had a right to understand, that the plaintiff assented to his retaining the money paid under the original contract. The plaintiff denied that any conversation was had between them, respecting the rescission, of the nature or character claimed by defendant, and this was made a controverted question at the trial.

At the close of the evidence the defendant made a motion for a directed verdict in his favor, on the grounds: (1) That there was no cause of action shown by a fair interpretation of evidence; and (2) that the contract of rescission, in effect, discharged both parties from all right, title, or interest in or to or concerning the contract of sale, up to the time the writing was made and signed. The motion was overruled and exception saved.

If the parol evidence mentioned above were proper for consideration in construing the rescissory agreement, it presented a question for the jury. The second ground assigned, as we understand the record, is based upon the construction of this agreement, exclusive of the parol evidence. Unless it means this, the same question in effect is presented as on the first ground of the motion.

By this agreement the previous contract was rescinded by the mutual consent of the parties. It contains mutual stipulations, and is a release of each party to the other. The release of one is a consideration for the release of the other. *Perry* v.

*Buckman,* 33 Vt. 7; *Collyer & Co.* v. *Moulton,* 9 R. I. 90, 98 Am.
Dec. 370; *Cummings* v. *Arnold,* 3 Met. (Mass.) 486, 37 Am. Dec.
155. In line with the above see *In re Stevens & Adams, W. B.
Locklin, Receiver,* 74 Vt. 408, 412, 52 Atl. 1034; *Lamson* v. *Lam-
son,* 52 Vt. 595, 599; *Missisquoi Bank* v. *Sabin,* 48 Vt. 239, 245;
*Hill* v. *Smith & Carpenter,* 34 Vt. 535, 544.

This agreement is clear in language and unambiguous, and
is to be interpreted by its own terms, without resort to parol evi-
dence of what was said between the parties during the negotia-
tions thereof. The written agreement must be taken as intended
to contain the terms agreed upon, and as declaring the under-
standing of the parties. *Flanders* v. *Fay,* 40 Vt. 316; *Smith* v.
*Fitzgerald,* 59 Vt. 451, 9 Atl. 604; *Vermont Marble Co.* v. *East-
man,* 91 Vt. 425, 101 Atl. 151.

"The general rule," says Mr. Spence in his work on Equita-
ble Jurisdiction, vol. 1, p. 556, "excludes from the consideration
of the court every question but this: What is the meaning of the
words which the parties have used? The question is not broadly
what was the intention of the parties; what the meaning of the
words indicate, must be taken to have been the intention." In
*Rickman* v. *Carstairs,* 5 B. & Ad. 651, 663, Lord Denman says:
"The question in this, and other cases of construction of written
instruments, is, not what was the intention of the parties, but
what is the meaning of the words they have used." In Cardinal
Rules of Legal Interpretation by Beal, (2nd ed.) 59, 60, the
same thing is stated, referring to other English cases. *Smith* v.
*Fitzgerald,* is to the same effect. In *Clement* v. *Bank of Rut-
land,* 61 Vt. 298, 17 Atl. 717, 4 L. R. A. 425, it is said: "While
it is true that the intention of the grantor must govern, yet that
intention must be gathered from the language of the deed, and
cannot rest in mental purpose alone." In *Vermont Marble Co.*
v. *Eastman,* it is said: "The language of this deed interpreted
in connection with, and in reference to, the nature and condition
of the subject-matter of the grant at the time the instrument was
executed, and the obvious purpose the parties had in view, is
clear and unambiguous, its meaning is a question of law for the
court, and the intent cannot be altered by evidence, or findings,
of extraneous circumstances.* * * The language being clear and
unambiguous, the deed is to be interpreted by its own language,
and the court is not at liberty to look at extraneous circumstances
for reasons to ascertain its intent; and the understanding of the

parties must be deemed to be that which their own written instrument declares.'' The cases of *Springsteen* v. *Sampson,* 32 N. Y. 703; *New York Life Ins. Co.* v. *Hoyt,* 161 N. Y. 8, 55 N. E. 299, and *Geneva* v. *Henson,* 195 N. Y. 447, 464, 88 N. E. 1104, are directly in point.

That the interpretation was therefore for the court is too well understood to need the citation of authorities, and on the interpretation given depends, not only the disposition of the motion for a verdict, but of the case as well. Of course, if the rescissory contract is reasonably subject to two constructions, or is otherwise ambiguous, then extraneous evidence may be used in aid of the proper construction to meet the intent of the parties. But unless it comes to that, the contract cannot be construed other than according to its own language.

*Adams* v. *Smilie,* 50 Vt. 1, was a bill in chancery, among other things, to enjoin a suit at law brought to recover on a written contract containing an unqualified promise to pay a sum certain. The bill set forth a contemporaneous verbal agreement by which a part of the sum promised to be paid was to consist in real estate. The Court in that case say: ''In the defendant's suit at law, the rule of evidence would prevail that does not permit anything but the writing to show what were the terms of the contract.''

There is no doubt but that parol evidence may be received for the purpose of showing an additional oral agreement entered into by the parties at the time of making the written agreement, not inconsistent therewith. We apprehend that the limitation of this doctrine is pretty generally, and perhaps fully, stated in *Winn* v. *Chamberlin,* 32 Vt. 318. The presumption of law is that the writing contains the whole contract (*Wason* v. *Rowe,* 16 Vt. 525; *Winn* v. *Chamberlin, supra*), and the exception to this rule is where it is satisfactorily shown that, for some reason, the parties did not intend to reduce the whole contract to writing, and the portion omitted is consistent with the writing. It is said in the authority last cited: ''And a written memorandum of a transaction will never exclude proof of stipulations not included in the writing, where both parties agree that the writing shall not contain the whole contract, unless the additional matters are inconsistent with the writing. The writing, as far as it goes, is always conclusive between the parties, and is presumed to contain the whole contract made at the time, and if anything

is omitted by mistake of either or both of the parties, it cannot be shown. The only remedy in such case is to reform the contract in a court of equity.". See *Reynolds* v. *Hassam,* 56 Vt. 449; *Dunnett & Slack* v. *Gibson,* 78 Vt. 439, 63 Atl. 141. But this principle is not to be applied where the oral part of the agreement is inconsistent with the written instrument. *Dixon* v. *Blondin,* 58 Vt. 689, 5 Atl. 514.

Where there is no ambiguity in the contract that requires explanation by oral testimony such testimony is no more admissible to vary the clear and settled legal meaning and effect of a written contract than it is to vary its terms. *Brandon Mfg. Co.* v. *Morse,* 48 Vt. 322. See, also, *Kinnear & Gager Mfg. Co.* v. *Miner,* 88 Vt. 324, 92 Atl. 459.

When the rescissory contract was entered into, nothing had been done in performance of the contract of sale, except the payment by the plaintiff of part of the purchase money. By the terms of the contract, the plaintiff was to receive a conveyance and delivery of the property upon the completion of the payment of the total amount of the purchase price within a time limited. Before the expiration of such time, the parties by agreement declared that contract "void" and released each other from it and all the conditions therein specified. This agreement contained no provision restricting its operation and effect. If anything be needed beyond declaring the previous contract void, to show the intent of the parties to effect an entire abandonment and dissolution thereof, it is found by the mutual release not only from the contract, but from "all the conditions therein specified." One of the conditions included was that requiring the payment of $2,500 upon the execution of the written agreement. By placing this condition within those specifically released, it is made plain that the intention of the parties was to effect a total dissolution of the contract, restoring the parties to their former situation. Such a dissolution restricts the parties to the legal rights which each had before the contract was made. *Harris* v. *Hiscock,* 91 N. Y. 340.

The case, therefore, falls within the general rule that, where a contract is annulled or rescinded by mutual consent, each party is entitled to have restored to him that which has been received by the other by virtue of the rescinded contract. *Smead* v. *Lamphere,* 87 Vt. 1, 86 Atl. 1005; *Fitzsimons* v. *Richardson,* 86 Vt.

229, 84 Atl. 811; *Pierce* v. *Staub*, 78 Conn. 459, 62 Atl. 760, 3 L. R. A. (N. S.) 785, 112 Am. St. Rep. 163.

The defendant relies upon the case of *Tice* v. *Zinsser*, 76 N. Y. 549, as supporting his position. There the general rule, where there is a rescission by mutual consent, is stated in substance as above; but, says the court, this general rule does not apply where there is an agreement connected with the rescission which restricts its operation and effect. That action was brought to recover back money paid on a contract for the sale by the defendant to the plaintiff of certain real estate. The plaintiff took possession. Subsequently there was a mutual release in writing, by each of the parties, of all "right, title, and interest under and by virtue of the" contract, which was to be cancelled and of no effect from the date of rescission. The court said that in this respect the case differs very materially from one where there is no limitation and the surrender is without any qualification; that the plaintiff by his agreement had expressly given up all his right to the money paid, and consequently could not maintain the action. We think there is a plain distinction between a release of all right, title, and interest under and by virtue of a contract as there shown, and a release from the contract itself and all the conditions therein specified, as shown by the case at bar.

The defendant's motion for a verdict was properly overruled, though there was no question of fact to be submitted to the jury. The determinative question in the case was wholly one of law, and under the proper interpretation of the rescissory contract the plaintiff was entitled to judgment for the amount claimed, and the court should have so ruled as essential to the rights of the parties in the trial of the case; yet, as the verdict rendered was for the plaintiff for that amount, the result was the same, and neither party was harmed by the submission. It necessarily follows that all questions presented on review, other than on a motion for a verdict, are immaterial to the rights involved, and the rulings were harmless to the defendant.

The result reached in this case is unaffected by the fact that the question upon which the case is made to turn was not raised and presented on the argument before us; for the rule is that the judgment below should be affirmed if it can be on any legal ground, whether it be on a ground presented in argument or not. *Fairbanks* v. *Stowe*, 83 Vt. 155, 74 Atl. 1006, 138 Am. St. Rep.

1074. The rule is otherwise where the consideration of a ground not raised below, and presented in argument before this Court, might, in certain circumstances, reverse the case; for the rule is that an exceptor has the burden of making the record show affirmatively that error was committed below (*St. Albans Granite Co.* v. *Elwell,* 88 Vt. 479, 92 Atl. 974), and exceptions not briefed are waived. *State* v. *Perkins,* 88 Vt. 121, 92 Atl. 1; *Seeley* v. *C. V. Ry. Co.,* 88 Vt. 178, 92 Atl. 28; *State* v. *Rosenberg,* 88 Vt. 223, 92 Atl. 145.

*Judgment affirmed.*

ON MOTION FOR REARGUMENT.

WATSON, C. J. The foregoing opinion being promulgated, the defendant moves for leave to reargue the case, assigning two reasons why the motion should be granted: (1) Because the Court, in its opinion, went outside the questions raised by the parties; and (2) because the true consideration of the rescissory agreement may be shown by parol evidence.

The first ground assigned is noticed and sufficiently considered in the opinion. The second ground is also in effect determined by the opinion; but we deem it advisable to amplify what is there said in order that the application of the law may be unmistakable. It is there held that by the terms of the rescissory agreement, from which the understanding of the parties must be ascertained, it is plain that the intention of the parties was to effect a total dissolution of the original contract, restoring them to their former situation; and that the case falls within the general rule that where a contract is annulled or rescinded by mutual consent, each party is entitled to have restored to him that which has been received by virtue of the rescinded contract, which in this instance is the part of the purchase money paid by plaintiff thereunder.

The defendant now urges in support of his motion that the law permits him to show by parol evidence that the retention of this money by him was the consideration inducing him to enter into the rescissory agreement. But the effect of such evidence would be to contradict the legal intendment of that written agreement, and consequently the case is governed by the rule which forbids the introduction of parol evidence to vary, con-

tradict, or defeat a written instrument, and not by the exception to that rule, admitting such evidence for the purpose of showing the real consideration to be other and different from that expressed in or impliedly shown by the written instrument.

This distinction was made in *Beach* v. *Packard*, 10 Vt. 96, 33 Am. Dec. 185, a case in assumpsit to recover the purchase price of a piece of land, deeded by the plaintiff to defendant. The deed, in common form, acknowledged that the grantor had received the consideration money. The effect of this acknowledgement was a question before the Court, since, against exception, the plaintiff was permitted to show by parol evidence the price agreed upon. The defendant offered to show by parol that the deed did not contain all the land for which defendant had promised to pay the sum thus shown by plaintiff, and that by the terms of the original contract, the plaintiff was to covenant, in his deed, to keep all the division fences in repair. To the exclusion of this evidence defendant excepted. In disposing of these questions the Court said the extent of the land conveyed, the parties thereto, the estate conveyed, and the covenants attending it, could not be affected by parol proof; "and even that part, which relates to the consideration, or the payment thereof, could not be contradicted or varied, by parol, so as in any way to affect the purpose of the deed, that is, its operation as a conveyance."

This rule was applied in *The Kinnear & Gager Mfg. Co.* v. *Miner*, 88 Vt. 324, 92 Atl. 459, an action of assumpsit to recover a sum claimed to be due on a written proposal submitted by the plaintiff to the defendant and accepted by him, whereby the former was to furnish for the latter's new building, "all necessary outside metal material in galvanized finish at the price" named per hundred square feet. There was another contract between the parties, executed at the same time, wherein the plaintiff agreed to furnish and erect, for the sum named, a steel ceiling on certain interior surfaces of the same building. The defendant claimed that the outside material specified in the writing sued upon was to be furnished without charge in consideration of his entering into the second contract for inside covering, and that he signed the writing, on the representations of plaintiff's agent, to enable the plaintiff to secure the outside material from a firm carrying that stock. The main question was as to the admission of parol evidence to establish this claim of the de-

fendant, against the objection that its effect would be to vary the terms of the written contract. The defendant claimed that the outside material was "thrown in" by the plaintiff to secure the defendant's order for further inside work, so that the amount paid for the latter was the consideration for both. In passing upon defendant's claim, the writing in suit and the contemporaneous agreement for inside work were considered together. It was held that the claimed parol understanding was not consistent with the writing in suit, and evidence showing it was inadmissible.

Again, in *Lamoille County Sav. Bk. & Trust Co.* v. *Belden,* 90 Vt. 535, 98 Atl. 1002, it was held that a provision, plain and free from ambiguity, contained in a deed, whereby the grantee agreed to assume and pay all the mortgages previously mentioned therein, could not be varied or affected in its legal operation by the finding on parol testimony showing the consideration given for the deed. The Court, quoting with approval from a case decided by the court of last resort in Massachusetts (*Simanovich* v. *Wood,* 145 Mass. 180, 13 N. E. 391), said that while, for some purposes, it is competent to show the real consideration of a deed, a party cannot, under the guise of showing such consideration, prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant; for this would violate the well settled rule of law against permitting a written contract to be varied or controlled by such testimony.

Other decisions of this Court, to the same effect, might be noticed; but it is unnecessary.

*The motion is without merit and is overruled.*