## O. W. Freeguard *v.* W. C. Bingham.

October Term, 1936.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ.

Opinion filed November 4, 1936.

*Wilbur E. Eno* for the plaintiff.

*Wayne C. Bosworth* for the defendant.

SHERBURNE, J.    The parties executed a written agreement, providing that the defendant "does lease, let" unto the plaintiff defendant's farm in Ferrisburg "with all tools on said farm, and all stock herein named, twenty-nine cows," etc., from March 1, 1934, to February 28, 1935.    Each party agreed to "furnish" two horses, and each agreed to pay for one-half of all feed, fertilizer, seed, taxes, etc.    The plaintiff agreed to carry on the farm in a good husbandlike manner and to pay as rent one-half of all produce, profits, and increase in stock.    The farm was mainly a dairy farm and the principal source of income was from the dairy.    Beginning in June, 1934, the cows were tested for tuberculosis, and the result was that fifteen were condemned and had to be disposed of.    Only a portion of the condemned cows were replaced by the defendant.

This action is brought to recover for loss of use of cows which the plaintiff claims he should have had during the term.    He contends that the defendant should have kept the entire number of twenty-nine good.    Verdict was directed for the defendant and the case comes here upon plaintiff's exceptions.

The case turns upon the construction of the contract. There are certain well-established rules for the construction of written instruments to ascertain the intention of the parties. One rule is that it is the duty of the court if possible to construe the instrument so as to give effect to every part, and form from the parts a harmonious whole. *Vermont Shade Roller Co.* v. *Burlington Traction Co.,* 102 Vt. 489, 502, 150 Atl. 138, and cases cited.    Another rule is that the nature and condition of the subject matter, the purposes sought to be accomplished, and the circumstances in which the parties contract, tending to throw light on their apparent intention at the time the instrument was executed, may be considered.    *Vermont Shade Roller Co.* v. *Burlington Traction Co., supra,* and cases cited; *Vermont Kaolin Corp.* v. *Lyons,* 101 Vt. 367, 376, 143 Atl. 639, and cases cited. But if the language of the instrument, interpreted in connection with, and in reference to, the nature and condition of the subject matter at the time it was executed, and the obvious purpose the parties had in view, is clear and unambiguous, its meaning is a question of law for the court, and the intent cannot be altered by evidence of extraneous circumstances; and in such situation the instrument is to be interpreted by its own language, and the understanding of the parties must be deemed to be that which

their own written instrument declares. *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 444, 445, 101 Atl. 151; *Greene* v. *Helme,* 94 Vt. 392, 396, 111 Atl. 557; *Wood* v. *James,* 93 Vt. 36, 39, 106 Atl. 566. Nor in such case can resort be had to parol evidence of what was said between the parties during the negotiations. *Wood* v. *James, supra.*

The situation here is unlike that in *Gregory* v. *Tomlinson,* 68 Vt. 410, 35 Atl. 350. There the defendant agreed "to furnish twenty cows." The court below there charged that the defendant was bound to furnish cows in place of those that died; and this Court said: "If this was a mere letting of the cows * * * the court was probably in error. But we think it was more. It is manifest that the cows were the tenant's principal source of income. It was natural, therefore, that the contingency of death or other deprivation of them without his fault should be provided against. It was provided against, we think, by the word 'furnish,' used by the parties."

■ ■ Here the parties used the words "lease, let" with reference to the cows, but later, with reference to horses, used the word "furnish." The plaintiff had occupied the farm the previous year and the identical cows were then upon the farm. Under the circumstances we are unable to construe the words "lease, let" to mean anything different from their usual sense of a bailment of the cows for hire. *Shortsleeves* v. *Troville,* 95 Vt. 468, 117 Atl. 819; *Partridge* v. *Cole,* 96 Vt. 281, 119 Atl. 398, 32 A. L. R. 854. It is well settled that a landlord is under no obligation to rebuild or restore buildings destroyed without his fault if he has not covenanted to do so. 16 R. C. L. 1031. Where a tenant expressly agrees to pay rent, he must pay, though the buildings be destroyed, if he has not guarded against such a contingency by an exception. *Voluntine* v. *Godfrey,* 9 Vt. 186, 189. The same rules apply in the case of a bailment for hire. It should be noted, however, that no issue of an implied warranty that the cows were reasonably fit for the purpose for which they were bailed has been raised.

■ ■ There is no occasion to consider whether the parties may have placed a practical construction upon the agreement by their conduct, for the language used is clear and unambiguous and its intent cannot be altered by evidence of extraneous circumstances. In this connection it is appropriate to repeat what is said in *Whittier* v. *Parmenter and Montpelier Ice Co.,* 90 Vt. 16, 23, 96

408

Atl. 378, 381. "Parol evidence of intention is not received in aid of construction to make a new contract. It is permissible only when the language is capable of two or more constructions, either of which preserves the integrity of the written contract. Then by the aid of extrinsic facts the court may determine which interpretation should be given. Within these limits the writing is not altered nor varied, but its language speaks the intention of the parties. But to carry construction beyond that point and give a meaning to the language used of which it is not fairly capable, though found to accord with the intention of the parties, would be to set aside the writing and substitute another and different one. This is never permissible."

■ It may be that through mistake the parties omitted to provide that the cows should be replaced. In such case, the only remedy is to reform the contract in a court of equity. *Wood v. James, supra.*

■ A verdict was properly directed for the defendant.

The plaintiff has briefed exceptions to the exclusion of evidence of intent, and to the exclusion of evidence of conversations had during the negotiations for the lease. As we have already seen, this evidence was inadmissible.

*Judgment affirmed.*